## MIDDLE DISTRICT OF FLORIDA
### Orlando Division

IN RE:

MIRABILIS VENTURES, INC.

      Debtor.

_____/

RACHLIN COHEN & HOLTZ LLP,
et al.,

      Appellants,

v.

MIRABILIS VENTURES, INC.,

      Appellee.

_____/

CASE NO.: 6:08-BK-04327-KSJ
CHAPTER 11


Consolidated

CASE NO.: 6:09-cv-01658-GAP

---

## APPELLANTS' INITIAL BRIEF

---

**TEW CARDENAS LLP**
Joseph DeMaria, Esq.
Florida Bar # 764711
Jessica Frank, Esq.
Florida Bar # 055839
*Attorneys for Appellants*
Four Seasons Tower
1441 Brickell Avenue, 15th Floor
Miami, FL 33131
Telephone: 305.536.1112
Facsimile: 305.536.1116

## TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .ii

STATEMENT OF BASIS FOR APPELLATE JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . v

STATEMENT OF THE ISSUE PRESENTED FOR REVIEW . . . . . . . . . . . . . . . . . . . . . . vii

APPLICABLE STANDARD OF APPELLATE REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . viii

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

COURSE OF PROCEEDINGS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF MATERIAL FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

    I.     Standard for Dismissal of a Chapter 11 Petition . . . . . . . . . . . . . . . . . . . . . . . . . 7

    II.    Chapter 11 Petition Filed with the Intent to Self-Liquidate Must be Dismissed Because It Serves No Valid Reorganization Purpose . . . . . . . . . . . . . . . . . . . . . 8

    III.   The Totality of the Evidence Establishes that Appellee's Chapter 11 Petition Was Filed in Bad Faith . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

    IV.   The Bankruptcy Court Employed an Infirm Procedure in Reaching its Determination . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Tew Cardenas LLP

Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 • 305-536-1112

## TABLE OF AUTHORITIES

Federal Cases

Bal Harbour Club, Inc. v. AVA Dev., Inc. (In re Bal Harbour Club, Inc.),
    316 F.3d 1192, 1194 (11th Cir. 2003) ........................................................................ 8

Chicago Tribune Co. v. Bridgestone/Firestone, Inc.,
    263 F.3d 1304, 1309 (11th Cir.2001) ................................................................ viii, 16

Colonial Bank v. Freeman (In re Pacific Forest Products Corp.),
    335 B.R. 910, 919 (Bankr. S.D. Fla. 2005)................................................................... v

In re Albany Partners, Ltd.,
    749 F.2d 670, 674 (11th Cir. 1984) ..................................................................... viii, 7

In re Holmes,
    298 B.R. 477 (Bankr. M.D. Ga. 2003)................................................................... 9, 12

In re James Cable Partners, L.P.,
    27 F.3d 534, 536 (11th Cir.1994) ........................................................................... vii

In re Joyce, Don & Associates, Inc.,
    No. 6:07-bk-04878-ABB, 2008 WL 343265, *2 (M.D. Fla. Jan. 30, 2008) ............... 7

In re Khan's Corp.,
    184 B.R. 398, 401 (Bankr. S.D. Fla. 1995)............................................................. 13

In re Lease-a-Fleet, Inc.,
    No. Civ.A. 93-5475, 1995 WL 743666 at *6 (Dec. 15, 1995 E.D. Pa.) ................... 14

In re Lykes Bros. Steamship Co.,
    196 B.R. 586, 595 (Bankr. M.D. Fla. 1996) .......................................................... 11

In re Lyons Transportation Lines, Inc.,
    123 B.R. 526 (Bankr. W.D. Pa. 1991) ................................................................. 9, 10

In re Marks,
    131 B.R. 220, 222 (S.D. Fla. 1991) ....................................................................... viii

In re Mazzocone v. Mazzocone,
    180 B.R. 782, 786 (E.D. Pa. 1995) ......................................................................... 15

In re Natural Land Corp. v. Baker Farms, Inc. (In re Natural Land Corp.),
    825 F.2d 296, 297 (11th Cir. 1987) .................................................................. 7, 8, 12

TEW CARDENAS LLP

Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 • 305-536-1112

In re Phoenix Piccadilly, Ltd.,
    849 F.3d 1393 (11th Cir. 1988) ........................................................ 12

In re SGL Carbon Corp.,
    200 F.3d 154, 165-66 (3d Cir. 1999) ....................................... 8, 10, 14

In re Sunflower Racing, Inc. v. Mid-Continent Racing & Gaming Co.,
    226 B.R. 665, 672 (D. Kan. 1998) ................................................... 15

In re Welwood Corp.,
    60 B.R. 319, 323 (M.D. Fla. 1986) ......................................... 8, 10, 12

United States v. United States Gypsum Co.,
    333 U.S. 364, 395 (1948) ............................................................. viii

Federal Statutes

11 U.S.C § 1129 ................................................................... 10, 11

11 U.S.C. § 1112 ...................................................................... 10

11 U.S.C. § 1112(b) .......................................................... 4, 7, 9, 14

11 U.S.C. § 1112(b)(1) .......................................................... 1, 7, 14

11 U.S.C. § 1129(a) ..................................................................... 8

11 U.S.C. § 1129(a)(11) ............................................................. 9, 11

11 U.S.C. § 120(1)(A) ......................................................... 1, 5, 14

11 U.S.C. 1112(b) ...................................................................... 4

28 U.S.C. § 1292(b) .................................................................... v

28 U.S.C. § 158(a)(3) ............................................................... v, vi

11 U.S.C. § 363 ...................................................................... 10

11 U.S.C. § 363(b) .................................................................. 9, 10

Federal Rules

F.R.E. 201 ............................................................................ 13

iii

## Other Authorities

United States v. Amodeo, Case No. 6:08-CR-00176........................................................ 5

United States v. Mirabilis Ventures, Inc., Case No. 6:08-cr-00231 ............................................ 5

iv

## STATEMENT OF BASIS OF APPELLATE JURISDICTION

On September 14, 2009, Rachlin, Cohen & Holtz, Laurie S. Holtz and Jose I. Marrero ("Appellants" or "Rachlin") filed their Notice of Appeal (D.E. 283) and their Motion for Leave to Appeal Interlocutory Order Denying Motions to Dismiss Chapter 11 Bankruptcy Case (D.E. 286). Appellants appeal the Bankruptcy Court's September 2, 2009 Order Denying Motions to Dismiss Chapter 11 Bankruptcy Case (D.E. 268) ("Order on Appeal"). On February 5, 2010, this Court entered an Order directing Appellants to file their initial brief. (Appellate D.E. 16).

This Court has discretionary jurisdiction to review interlocutory orders entered by bankruptcy courts, pursuant to 28 U.S.C. § 158(a)(3). To determine whether to exercise jurisdiction, district courts in the Eleventh Circuit are guided by 28 U.S.C. § 1292(b), which contains the criteria for certifying an appeal of an interlocutory order of the district court to the circuit court of appeals. Colonial Bank v. Freeman (In re Pacific Forest Products Corp.), 335 B.R. 910, 919 (Bankr. S.D. Fla. 2005). Pursuant to Section 1292(b), a district court may grant leave to appeal an interlocutory order in the subject issue: "(1) involves a controlling question of law, (2) as to which there is a substantial ground for difference of opinion, and (3) is such that an immediate appeal would advance the termination of litigation." Id.

The issues involved in this appeal meet the requisite criteria. First, this appeal presents a controlling question of law – whether a Chapter 11 Petition can be filed with the intent to self-liquidate. The determination of the question presented by this appeal is controlling in this case and in other cases with similar issues. Second, there is a substantial ground for difference of opinion as other bankruptcy courts within this district and federal courts from other districts have correctly held that Chapter 11 Petitions cannot be filed with the intent to self-liquidate. Finally, if this Court agrees with Appellant that a Chapter 11 proceeding cannot be maintained when it is

v

filed with no purpose of reorganization, then the Bankrupcty litigation and related adversary litigation will be terminated.   These factors comply with the requirements of 28 U.S.C. § 158(a)(3) to exercise jurisdiction to review the Order on Appeal.

vi

## STATEMENT OF THE ISSUE PRESENTED FOR REVIEW

The issue presented in this appeal is whether the Bankruptcy Court erred when it ruled, without an evidentiary hearing, that a company that never had any ability or intent to reorganize can initiate a Chapter 11 Petition under the Bankruptcy Code with the intent to self-liquidate.

Tew Cardenas LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 • 305-536-1112

## APPLICABLE STANDARD OF APPELLATE REVIEW

A bankruptcy court's denial of a motion to dismiss a Chapter 11 Petition under the Bankruptcy Code for lack of good faith is reviewed for abuse of discretion. In re Albany Partners, Ltd., 749 F.2d 670, 674 (11th Cir. 1984). The abuse of discretion principles are the same when a district court reviews a bankruptcy court as when the Eleventh Circuit reviews a district court. Thus, a court abuses its discretion "if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1309 (11th Cir.2001).

"Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Fed.R.Bankr.P. 8013. A bankruptcy court's finding of fact is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948).

The bankruptcy court's conclusions of law are reviewed de novo. In re James Cable Partners, L.P., 27 F.3d 534, 536 (11th Cir.1994). De novo review requires the Court to make a judgment independent of the bankruptcy court's without deference to that court's analysis and conclusions. In re Marks, 131 B.R. 220, 222 (S.D. Fla. 1991). When an issue raises a mixed question of law and fact, district courts are instructed to review a bankruptcy court's determination de novo. Id.

TEW CARDENAS LLP

Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 • 305-536-1112

## STATEMENT OF THE CASE

This matter is an appeal from the Bankruptcy Court's Order, which denied Appellants' Motion to Dismiss Appellee's Chapter 11 Petition as a bad faith filing. (D.E. 268).[1] The Bankruptcy Court's acknowledgment that there was not a purpose to reorganize at the time the Petition was filed should have led to a dismissal of this proceeding. However, the Bankruptcy Court violated clearly established legal principles by focusing on the confirmation of the plan of liquidation rather than the Appellee's intent at the time of filing. Further, the Bankruptcy Court refused to hold an evidentiary hearing to evaluate the additional evidence that Appellee's Chapter 11 Petition was filed in bad faith, which was required under 11 U.S.C. § 1112(b)(1) and 11 U.S.C. § 120(1)(A). (D.E. 284).

## COURSE OF PROCEEDINGS

Mirabilis Ventures, Inc. ("Mirabilis") filed its voluntary Petition for relief under Chapter 11 of the U.S. Bankruptcy Code on May 27, 2008. (D.E. 1). On September 23, 2008, the United States of America (the largest creditor in this Bankruptcy case) filed the Motion to Dismiss Instant Case Based Upon Its Bad Faith Filing (D.E. 71) and filed a supplement to the Motion to Dismiss on September 29, 2008 (D.E. 76) (collectively, "United States' Motion to Dismiss"). The United States argued that the Chapter 11 Petition was not filed for a valid reorganizational purpose, but rather to assist Amodeo in his criminal case in the hopes of reducing his sentence. The United States' supplement presented additional evidence that the Bankruptcy Petition was not filed in good faith – that the filing of the Petition violated the

---

[1] Unless otherwise stated, the citations to the record ("D.E.") are citations to the record as set forth in the docket entries in the main Mirabilis Bankruptcy proceeding (Case No. 6:08-bk-04327-KSJ).

1

Bylaws of Mirabilis and, therefore, neither Mirabilis's president nor counsel had authority to file the bankruptcy.  (D.E. 76).

On October 3, 2008, Forge and Affiliated Creditors filed their Motion to Dismiss Mirabilis Ventures, Inc.'s Chapter 11 Filing or, In the Alternative, to Convert to Chapter 7, and Incorporated Memorandum of Law ("Forge's Motion to Dismiss") (D.E. 88).  Forge presented the same arguments as the United States regarding the bad faith of Mirabilis' filing of the Petition, and additionally argued that Mirabilis was a sham company that was used to further Amodeo's criminal activities.   Forge argued, therefore, that Mirabilis lacked corporate independence prior to the time the Bankruptcy was filed.[2]  (D.E. 88).

The Bankruptcy Court scheduled an evidentiary hearing on Forge's Motion to Dismiss for October 17, 2008.  (D.E. 91).  However, before the scheduled evidentiary hearing took place, it appeared that the United States and Forge had tentatively settled their disputes with Mirabilis. The United States' main concern was their ability to seize the property of Mirabilis, which Mirabilis claimed the Government could not do in light of the automatic stay provisions of the Bankruptcy Code.  (D.E. 101, ¶ 18).  The Government asserted (and Amodeo admitted by way of his Plea Agreement) that Amodeo used the Debtor's funds and assets to commit fraud against third parties, and some of those assets, which are titled to Mirabilis, are subject to civil and criminal forfeiture.  (D.E. 101).  After Mirabilis and the Government reached an agreement regarding what assets would be forfeited to the United States and what assets would be retained

---

[2] The Affidavit of Tom Broadhead filed with the Bankruptcy Court on August 24, 2009 established that Mirabilis did not have the proper corporate authority to file this Chapter 11 case. (D.E. 260).  Counsel for Forge and Affiliated Creditors is addressing this ground for appeal through its separate Initial Brief.  Appellants join in and adopt the arguments presented in Forge and Affiliated Creditors' Initial Brief.  (Appellate D.E. 15).

TEW CARDENAS LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 • 305-536-1112

by Mirabilis's bankruptcy estate, the Government withdrew with prejudice all pending motions, one of which was the United States' Motion to Dismiss. (D.E. 101, 140).

The tentative settlement between Forge and Mirabilis, however, was not completed. Therefore, Forge's Motion to Dismiss would proceed, and on April 23, 2009, Appellants filed a Joinder in Forge's Motion to Dismiss ("Rachlin's Motion to Dismiss"). (D.E. 183). Appellants adopted the arguments set forth in the United States' Motion to Dismiss and Forge's Motion to Dismiss. Additionally, Appellants argued that the Chapter 11 Petition must be dismissed because it was _filed_ with the improper intent to liquidate rather than reorganize. (D.E. 183).

Although, the Bankruptcy Court initially scheduled an evidentiary hearing, the comments of the Bankruptcy Court at later proceedings made it clear that the Court did not intend to engage in the type of evidence evaluating procedure required by the Bankruptcy Code in determining whether the Chapter 11 Petition was filed in bad faith and that the Court intended to move forward to the confirmation stage of this proceeding. (D.E. 217). See Transcript of May 20, 2009 Hearing, p. 24, lines 5-10 ("[W]e are not having witnesses. This is not going to be an evidentiary hearing. I would like to hear argument on the motion to dismiss and I will reserve a substantial period of time to do that. But this is not going to be an evidentiary hearing."); see also Transcript of June 30, 2009 Hearing (D.E. 219), pp. 75-76, lines 21-25 and 4-7 ("In connection with the issues raised, I am not going to require further evidentiary hearing although I would like further supplemental briefing on the corporate authority issue. I don't have sufficient detail…I am not going to hold any further evidentiary hearings. I understand the parties positions and I will simply assume they are what they say."); see also Transcript of August 26, 2009 Hearing (D.E. 284), p. 15, lines 2-12 (stating that "considering that we are on the cusp of

3

potentially confirming the Plan in less than a month, dismissal will not be the avenue we will be pursuing").

The Bankruptcy Court denied the Forge Motion to Dismiss and Rachlin's Motion to Dismiss (collectively, "Motions to Dismiss") in the Order on Appeal. The Bankruptcy Court based its denial of the Motions to Dismiss on purported findings of facts and conclusions of law that the Court made without the required evidentiary hearing. See Transcript of August 26, 2009 Hearing, p. 3, lines 5-6 (D.E. 284).[3]  In response, Appellants filed the Notice of Appeal. (D.E. 283).

## STATEMENT OF MATERIAL FACTS

First, certain facts are present in this appeal that are not disputed by Appellee, and that warrant dismissal of the Bankruptcy proceedings without consideration of additional facts. There was no factual dispute that this Chapter 11 Petition was filed with the intent to liquidate Mirabilis and not for the proper purpose of reorganization.  There was also no dispute that there was never any ability or intent to reorganize in accordance with the legitimate aims and objectives of Chapter 11.  Counsel for Mirabilis so stated on the record at the June 30, 2009 hearing: "Here, this has always been a liquidating case.  I don't think that there's anybody who would argue that this has not come into this Court as a liquidating case."  See June 30, 2009 Hearing Transcript, page 66, lines 20-23 (D.E. 219).  The Bankruptcy Court acknowledged that indisputable fact in the Court's ruling denying the Motions to Dismiss stating "that's true Mirabilis never had any intention to reorganize." See Transcript of August 29, 2009 Hearing, p.

---

[3] The Court's refusal to hold an evidentiary hearing in this case is clear legal error and violated Movants' right to be heard under 11 U.S.C. 1112(b).  Rachlin respectfully submits that this Court will see that an infirm procedure led to an erroneous order.

4

11, lines 9-10 (D.E. 284). Accordingly, there was never any good faith basis for Appellee's to file a Chapter 11 Petition, and therefore, the Bankruptcy proceedings should be dismissed.

In addition to Appellee's lack of intent to reorganize, additional facts caused the Chapter 11 Petition to be filed in bad faith. Prior to the bankruptcy filing, Mirabilis, and its principal, Frank Amodeo, had been under criminal investigation by the U.S. Attorney for the Middle District of Florida. (D.E. 71, 76, 88, 183, 204, 205). Mirabilis and Amodeo had been warned by the Government to refrain from transferring assets that the Government deemed forfeitable as the proceeds of a massive tax fraud. (D.E. 205). And, under the Government's directions, Mirabilis was in the process of winding down its business affairs. Id.

On October 30, 2008, Mirabilis was indicted on seventeen counts of federal tax wire fraud and conspiracy violations. (D.E. 71, 76, 88, 183, 204, 205). See United States v. Mirabilis Ventures, Inc., Case No. 6:08-cr-00231-JA-KRS-4. Amodeo was also indicted and pled guilty to five charges, including conspiracy, failure to collect and remit payroll taxes, and obstruction of an agency proceeding. Id.; see United States v. Amodeo, Case No. 6:08-CR-00176-JA-GJK-1. Judgment was entered against Amodeo on May 27, 2009, and Amodeo was sentenced to 270 months in prison. Id.

After Amodeo was indicted, he formulated the plan to put Mirabilis into Bankruptcy. (D.E. 71, 88, 183, 205). Amodeo believed that filing a Chapter 11 Petition on behalf of Mirabilis would help his criminal case because then the Bankruptcy Code could be used to continue civil litigation, which if settled or won, would provide funds for Amodeo to pay the Internal Revenue Service ("IRS") some of the $181 million that he owed to the IRS. (D.E. 205). The theory was that this would allow Amodeo to present this information to the sentencing judge in his criminal case, in the hope that he could receive a more lenient sentence. (D.E. 205). Therefore,

TEW CARDENAS LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 • 305-536-1112

Appellee's intent at the time of filing the Chapter 11 Petition was to assist in Amodeo's criminal case.

Furthermore, there was never any reasonable expectation of successful reorganization in the instant case. (D.E. 71, 88, 183, 205). There are no remaining employees of the Debtor, and the only person related to the company at this time is R.W. Cuthill, Jr. ("Cuthill"). (D.E. 205). At the time of filing, the board of directors (Jodi Jaiman, Shane Williams and Jay Stollenwerk) appointed Micheal E. Moecker as the sole member of the board of directors and then they resigned. Id. The changes and resignations in the board of directors were fashioned as a part of a plan to proceed with the Chapter 11 filing and preserve the civil litigation in an effort to help Amodeo's criminal trial. Id. Further, the Debtor is not conducting business at this time and has no income. Id.

Additionally, the creditors in the Bankruptcy proceedings are not receiving payments, and the largest creditor (the United States of America) has opposed these Bankruptcy proceedings.[4] (D.E. 42, 52, 71, 139, 186, 292). The United States and other creditors have not received payments due to the egregious amounts of professionals' fees being expended in this case. (D.E. 42, 52, 139, 186, 292).

## SUMMARY OF THE ARGUMENT

Chapter 11 Petitions must be filed to serve a valid reorganization purpose. A Chapter 11 Petition with no intent or ability to reorganize does not serve a valid reorganization purpose. That undisputed fact warrants dismissal in and of itself.

---

[4] The only reason that the United States' withdrew its Motion to Dismiss the Bankruptcy proceedings was because the Government entered into a settlement with the Debtor in order to accomplish the United States' primary goal – recovery of stolen payroll trust fund taxes. (D.E. 480). See supra, pp. 6-7.

6

Furthermore, bankruptcy courts have listed the following factors as examples of usual circumstances in bad faith filings: "generally no employees except for the principals, little or no cash flow, no available sources of income to sustain a plan of reorganization or to make adequate protection payments, few, if any, unsecured creditors whose claims are relatively small, and allegations of wrongdoing by the debtor or its principals. Appellants submitted evidence as to each of these factors to the Bankruptcy Court, which serve as additional grounds for dismissal of these Bankruptcy proceedings. (D.E. 71, 88, 183, 205). The Bankruptcy Court should have reviewed these additional facts, which would have further supported dismissal.

## ARGUMENT

### I.      Standard for Dismissal of a Chapter 11 Petition

The Bankruptcy Code requires dismissal of a Chapter 11 bankruptcy case if the movant establishes "cause" and unusual circumstances specifically identified by the Court do not exist that establish that the requested dismissal is not in the best interests of the creditors and estate. 11 U.S.C. § 1112(b)(1). The determination of whether cause exists under § 1112(b) is subject to judicial discretion under the circumstances of each case. In re Albany Partners Ltd., 749 F.2d 670, 674 (11th Cir. 1984). Because good faith is an implicit requirement for filing of bankruptcy protection, a debtor's lack of good faith constitutes cause for dismissal of a petition under 11 U.S.C. § 1112(b). In re Joyce, Don & Associates, Inc., No. 6:07-bk-04878-ABB, 2008 WL 343265, *2 (M.D. Fla. Jan. 30, 2008); In re Natural Land Corp. v. Baker Farms, Inc. (In re Natural Land Corp.), 825 F.2d 296, 297 (11th Cir. 1987).

Although there is no particular test for determining whether a debtor has filed a petition for reorganization in good faith, in finding a lack of good faith, courts have emphasized an intent to abuse the judicial process and the purposes of the reorganization provisions. In re Natural

Tew Cardenas LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 • 305-536-1112

Land Corp., 825 F.2d at 298; The Bal Harbour Club, Inc. v. AVA Dev., Inc. (In re Bal Harbour Club, Inc.), 316 F.3d 1192, 1194 (11th Cir. 2003). Since Chapter 11 vests petitioners with considerable powers, it is crucial that the petition serves a valid reorganizational purpose. In re SGL Carbon Corp., 200 F.3d 154, 165-66 (3d Cir. 1999). "[T]he Courts are not required to retain cases on their dockets which were not filed to achieve the valid and legitimate purposes designed by Congress through the enactment of the rehabilitative provisions of Chapter 11. To do so would be a total disregard of the basic overriding purpose of the system designed by Congress which was to enable a financially distressed debtor to achieve rehabilitation." In re Welwood Corp., 60 B.R. 319, 323 (M.D. Fla. 1986). Thus, if it is evident from the outset that there is no reasonable expectation that the financial situation of a debtor can be successfully repaired through the reorganization process, and the case was filed solely to use the bankruptcy courts as a forum to litigate, "cause" is present which warrants dismissal because such a case is not filed in good faith. Id.

**II.     Chapter 11 Petition Filed with the Intent to Self-Liquidate Must be Dismissed Because It Serves No Valid Reorganization Purpose**

Chapter 11 Petitions must be filed to serve a valid reorganization purpose. Natural Land Corp. v. Baker Farms, Inc. (In re Natural Land Corp.), 825 F.2d 296, 297 (11th Cir. 1987). The Bankruptcy Court held that "there are many cases that state that liquidation is a perfectly appropriate reason for filing a Chapter 11 case," and the Court cited In re Holmes, 298 B.R. 477 (Bankr. M.D. Ga. 2003) as an example of such a case. See Transcript of August 26, 2009 Hearing, p. 11, lines 14-18 (D.E. 284). The Bankruptcy Court also cited to 11 U.S.C. § 1129(a) (which allows for plans of liquidation) as support for the conclusion that Chapter 11 Petitions can be filed with the intent to liquidate. See Transcript of August 26, 2009 Hearing, p. 11, lines

8

24-25.  Rachlin respectfully submits that Chapter 11 Petitions cannot be <u>filed</u> with the intent to liquidate.

The Movants do not dispute that Chapter 11 allows for certain liquidation proceedings within the context of reorganization.  Specifically, 11 U.S.C. § 1129(a)(11) (dealing with confirmation of plans under Chapter 11) and 11 U.S.C. § 363(b) (allowing the sale of the property of an estate) contemplate certain instances when liquidation procedures are appropriate within a Chapter 11 proceeding.  However, these provisions of the Code do not allow the very essence and core of Chapter 11 -- reorganization -- to be turned on its head.  Instead, these provisions are to exist in harmony and complement the reorganization purposes of Chapter 11.

Perhaps the clearest explanation of why a Chapter 11 proceeding can not be maintained when there is no intent to reorganize at the time of filing is a decision of the Bankruptcy Court for the Western District of Pennsylvania.[5]  <u>In re Lyons Transportation Lines, Inc.</u>, 123 B.R. 526 (Bankr. W.D. Pa. 1991) wholly rejected the proposition that Chapter 11 Petitions can be filed with the intent to liquidate.  <u>Lyons</u> held that "there is no authority in the Bankruptcy Code allowing a debtor to file a petition for relief under Chapter 11 for the purpose of self-liquidation."  <u>Lyons</u>, 123 B.R at 534.  <u>Lyons</u> further recognized that allowing Chapter 11 Petitions to be filed with the intent to liquidate is contrary to the legislative intent of Chapter 11.  <u>Lyons</u>, 123 B.R. at 535 ("[T]he better policy is the one enunciated by Congress and, as we read it, expressly stated in the Bankruptcy Code in § 1112(b).").

---

[5] There are no decisions within the Eleventh Circuit which support the proposition that it is proper to <u>file</u> a Chapter 11 proceeding without the intent to reorganize.  Rachlin is therefore not asking this Court to rely on decisions outside the Eleventh Circuit that conflict with District Court or Bankruptcy Court decisions within this Circuit.  Instead, Rachlin is presenting a consistent view of all federal courts that have opined on this issue and which are in contrast with the Bankruptcy Court's ruling in this case.

9

The bankruptcy court in <u>Lyons</u> addressed the same argument made by Mirabilis, which the Bankruptcy Court adopted in its Order on Appeal – that a Chapter 11 Petition can be filed with the intent to liquidate because certain provisions of Chapter 11 contemplate liquidation.

> The Debtors argue that the filing of a Chapter 11 case with no intent to attempt rehabilitation and with no hope of rehabilitation and solely for the purpose of liquidating assets under the control of the Debtor, with the advice and perhaps supervision of a committee of creditors is permissible under the Bankruptcy Code, citing § 1123 and § 363(b) ... The argument is that this language [in § 1129(a)] together with § 363(b) ... authorizes a debtor to utilize Chapter 11 as a means of self-liquidation. To the contrary, we read these provisions as necessary elements in a statutory scheme which provides flexibility in financial restructuring for the rehabilitation of a debtor's business.

<u>Lyons</u>, 123 B.R. at 530. The <u>Lyons</u> court goes on to say that the issue to be determined under 11 U.S.C. § 1112 (the Section at issue in this case) is not whether the Debtor may take advantage of the provisions contemplating liquidation in Chapter 11 (11 U.S.C. § 363 and 11 U.S.C § 1129), but "the issue is whether debtor may maintain itself in the Chapter 11 for the purpose, *from the beginning*, of liquidation." <u>Lyons</u>, 123 B.R. at 531 (emphasis added). The proper focus is a debtor's intent <u>at the time of filing</u>.

Since Chapter 11 vests petitioners with considerable powers, it is crucial that the petition is filed to serve a valid reorganizational purpose. <u>In re SGL Carbon Corp.</u>, 200 F.3d 154, 165-66 (3d Cir. 1999). "[T]he Courts are not required to retain cases on their dockets which were not filed to achieve the valid and legitimate purposes designed by Congress through the enactment of the rehabilitative provisions of Chapter 11. To do so would be a total disregard of the basic overriding purpose of the system designed by Congress which was to enable a financially distressed debtor to achieve rehabilitation." <u>In re Welwood Corp.</u>, 60 B.R. 319, 323 (M.D. Fla. 1986).

10

> [T]he provisions of Chapter 11 are remedial and designed to assist a financially troubled economic entity to achieve rehabilitation. It is axiomatic that the courts should be reorganization-minded and public policy clearly prefers rehabilitation to liquidation. It is equally true, however, that if the entity has reached not only a moribund stage but arrived at the bankruptcy court with rigor mortis already set in it, it deserves nothing more than a speedy burial. There is no justification to resuscitate a dead or semi-dead corpse. It has been repeatedly stated that the real test is the need for reorganization and a sincere, honest desire to achieve rehabilitation.

In re Lykes Bros. Steamship Co., 196 B.R. 586, 595 (Bankr. M.D. Fla. 1996).

The sole case cited by the Bankruptcy Court in support of its contention that "liquidation is a perfectly appropriate *reason for filing* a Chapter 11 case" does not support that conclusion. See Transcript of August 26, 2009 Hearing, p. 11, lines 15-16 (D.E. 284) (emphasis added). Rather, In re Holmes, 298 B.R. at 484, focused on the confirmation of a Chapter 11 liquidation plan under 11 U.S.C. § 1129, which is not applicable here.[6] It is clear that the Bankruptcy Court failed to distinguish between the requirement that there be a purpose for reorganization at the time of filing and the provisions of the Code that permit liquidation plans at the time of confirmation.

Whether or not a bankruptcy that was properly commenced with a valid reorganization purpose, can be concluded with a liquidation plan, is not this case. This case was never commenced with an intent to reorganize, and the focus of the bad faith inquiry must be on the

---

[6] The only support offered by Counsel for Mirabilis in support of the contention that a Chapter 11 proceeding can be filed without the purpose of reorganization also focused on the confirmation stage of the proceeding and not the time of filing. See Transcript of June 30, 2009 Hearing, p. 66-67, lines 23-25 and 1-3 (D.E. 219) ("The Bankruptcy Code contemplates that there be liquidating Chapter 11's. 1129(a)(11) in fact, the confirmation standards, provides that the plan, in order to be confirmed, need not be followed by further liquidation, unless such plan provides for liquidation.") Counsel for Mirabilis presented no legal authority for the proposition that a Chapter 11 proceeding can be filed without the intent to reorganize.

11

TEW CARDENAS LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 • 305-536-1112 .

date that the Petition was filed. The Eleventh Circuit has held that even the prospect of a successful reorganization does not override a finding of bad faith. In re Phoenix Piccadilly, Ltd., 849 F.3d 1393 (11th Cir. 1988) (affirming dismissal of the Chapter 11 proceeding that was filed to fight a foreclosure action even though there was a potential to successfully reorganize). Simply stated, the Court held that "[t]he possibility of a successful reorganization cannot transform a bad faith filing into one undertaken in good faith." Id.; see also In re Natural Land Corp., 825 F.2d 296, 298 (11th Cir. 1987) (stating that the "taint of a petition filed in bad faith must naturally extend to any subsequent reorganization proposal; thus any proposal submitted by a debtor who filed his petition in bad faith would fail to meet section 1129's good faith requirement"). There was never a legitimate prospect of a successful reorganization for a company on the verge of federal criminal indictment. The bankruptcy Petition was filed for improper purposes and binding Eleventh Circuit case law requires the dismissal of this proceeding.

### III.    The Totality of the Evidence Establishes that Appellee's Chapter 11 Petition Was Filed in Bad Faith

Bankruptcy courts have listed, by way of example, factors which usually exist in bad faith filings. These factors include: "generally no employees except for the principals; little or no cash flow, and no available sources of income to sustain a plan of reorganization or to make adequate protection payments; few, if any, unsecured creditors whose claims are relatively small; ... [and] allegations of wrongdoing by the debtor or its principals". In re Welwood Corp., 60 B.R. at 322. Because all of the aforementioned facts are present in the instant case, the Bankruptcy Court should have dismissed Debtor's Chapter 11 Petition.

12

As described in the Statement of Facts, the only reason the Debtor filed the case was in an effort to help Frank Amodeo's criminal case. Second, there was never any reasonable expectation of successful reorganization in the instant case. The Appellee intended to self-liquidate at the time it filed its Chapter 11 Petition. Additionally, there are no remaining employees of the Debtor, and the only person related to the company at this time is R.W. Cuthill, Jr. ("Cuthill"). The Debtor is not conducting business at this time and has no income. The only potential funds the Debtor may acquire would be those that stem from the frivolous adversary proceedings filed by the Debtor. Finally, the creditors are not receiving payments due to the unreasonable amounts of professional fees the Bankruptcy estate is expending. As stated by the United States in its recent Opposition to Disbursement of Payments to various professionals (Bankruptcy D.E. 480):

> In the over eighteen months since this bankruptcy was instituted, ... the predominant entities and persons who have benefitted from this bankruptcy are the president of the company and the professionals. Pursuant to the Compromise, the United States allowed the debtor to receive approximately $500,000.00, which represented a payment due from a note. That money has now been dissipated. Other funds, however, have been brought into the estate. Post-petition accounts payable as of November 30, 2009, are over $1,000,000.00, almost all of which is to professionals. The United States and the creditors are the only entities and individuals who have not received any payments. 'Bankruptcy estates should not be administered for the sole or primary benefit of the professionals appointed to administer such estates.' See, e.g., In re Khan's Corp., 184 B.R. 398, 401 (Bankr. S.D. Fla. 1995).

(emphasis added).[7]

The objective of the reorganization provisions in the Bankruptcy Code is "the preservation of ongoing values in a manner which does equity and is fair to rights and interests

---

[7] See F.R.E. 201, allowing courts to take judicial notice of federal court records.

13

of the parties affected. But the perimeters of this potential mark the borderline between fulfillment and perversion; between accomplishing the objectives of rehabilitation and reorganization, and the use of these statutory provisions to destroy and undermine the legitimate rights and interests of those intended to benefit by this statutory policy. That borderline is patrolled by the courts of equity, armed with the doctrine of 'good faith'…" In re SGL Carbon Corp., 200 F.3d at 161 (citing to In re Victory Constr. Co., Inc., 9 B.R. 549, 558 (Bankr. C.D. Cal. 1981)). To allow a debtor to abuse the Bankruptcy Code and use a Chapter 11 filing to undermine the legitimate purposes of the Bankruptcy Code is a mockery of justice.

### IV.  The Bankruptcy Court Employed an Infirm Procedure in Reaching its Determination

The Bankruptcy Court denied Appellants their right to an evidentiary hearing and issued finding of facts and conclusions of law without holding an evidentiary hearing. Under 11 U.S.C. § 1112(b)(1) bankruptcy courts are required to hold a hearing when considering a motion to dismiss a Chapter 11 proceeding. The Bankruptcy Code requires courts to conduct such "hearing[s] as [are] appropriate in the particular circumstances." 11 U.S.C. § 120(1)(A). In this case, only an evidentiary hearing would have afforded the Rachlin Defendants a meaningful opportunity to be heard on the matter as the only way to determine whether the petition was filed in good faith or not is to look to the evidence surrounding the filing – evidence that is disputed and not contained in the record.

"[U]nder limited circumstances[,] an evidentiary hearing may not be required when considering a motion to dismiss pursuant to 11 U.S.C. § 1112(b)." In re Lease-a-Fleet, Inc., No. Civ.A. 93-5475, 1995 WL 743666 at *6 (Dec. 15, 1995 E.D. Pa.). An evidentiary hearing is not required where the record supports dismissal. Id. (emphasis added); In re

14

Sunflower Racing, Inc. v. Mid-Continent Racing & Gaming Co., 226 B.R. 665, 672 (D. Kan. 1998); In re Mazzocone v. Mazzocone, 180 B.R. 782, 786 (E.D. Pa. 1995). However, in cases where the record itself supported dismissal, the bankruptcy proceedings were dismissed due to occurrences after the time of filing and within the bankruptcy process, for example, unreasonable delay in submitting a plan of reorganization, failure to submit monthly operating reports and failure to remit quarterly fees. Additionally, the courts' extensive experience with the facts and parties in these cases over a period of years allowed the courts to determine whether the case should be dismissed.

In this case, the record before the Bankruptcy Court cannot explain why this Chapter 11 petition was filed, which is necessary in determining whether or not Appellee filed the Chapter 11 in good faith. The bad faith in this case occurred before and at the time of filing. At best, the facts are disputed as to why the Petition was filed. Therefore, it is impossible to determine from the record alone that the Chapter 11 Petition in this case was filed in good faith. Because the Bankruptcy Court followed improper procedures in making its determination, Appellants respectfully submit that the Bankruptcy Court abused its discretion. Chicago Tribune Co., 263 F.3d at 1309.

## CONCLUSION

Appellee's Bankruptcy filing is just another component of an elaborate and cynical scheme orchestrated by Frank Amodeo. Appellee never had any ability or intent to reorganize. And, the Bankruptcy Court abused its discretion in ruling that a Chapter 11 reorganization case can be filed for the sole purpose of self-liquidation. Therefore, Appellants respectfully request that this Court reverse the Bankruptcy Court's September 2, 2009 Order Denying Motions to

15

Dismiss Chapter 11 Bankruptcy Case (D.E. 268), dismiss this Bankruptcy proceeding, and any other relief this Court deems just and proper.

Respectfully Submitted,

TEW CARDENAS LLP
*Attorneys for the Appellants*
1441 Brickell Avenue
Four Seasons Tower, 15th Floor
Miami, FL 33131
Phone: (305) 536-1112
Fax: (305) 536-1116
E-Mail: JAD@tewlaw.com

/s/      Joseph A. DeMaria
C. THOMAS TEW, P.A.
Florida Bar No. 098160
JOSEPH A. DEMARIA, ESQ.
Fla. Bar No. 764711
JESSICA R. FRANK, ESQ.
Fla. Bar No. 0055839

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 19th day of February, 2010, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to Todd K. Norman (tkn@stumplaw.com) and Roy Scott Kobert (orlandobankruptcy@broadandcassel.com), Broad and Cassel, 390 N. Orange Avenue, Suite 1400, Orlando, Florida 32801, and the undersigned also sent the foregoing via email to Robert C. Widman, Esq. (widmor48@mwk-law.com), Morris & Widman, P.A. 245 N. Tamiami Trail, Suite E, Venice, FL 34285.

/s/      Joseph A. DeMaria
JOSEPH A. DEMARIA, ESQ.

539113.1

16