UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

MIRABILIS VENTURES, INC., and
HOTH HOLDINGS, LLC,

                Debtors.

_____/

RACHLIN, COHEN & HOLTZ, LLP,
and FORGE CAPITAL PARTNERS,

                Appellants,

vs.

MIRABILIS VENTURES, INC., and
HOTH HOLDINGS, LLC,

                Appellees.

_____/

Bkry Case Nos. 6:08-bk-04327-KSJ and
6:08-bk-04328-KSJ

Consolidated

Case No.: 6:09-cv-01658-GAP

ON APPEAL FROM THE ORDER OF THE
UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF FLORIDA

_____

ANSWER BRIEF OF APPELLEE,
_____

R. SCOTT SHUKER, ESQ.
Florida Bar No.: 984469
MARIANE L. DORRIS, ESQ.
Florida Bar No.: 0173665
LATHAM, SHUKER, EDEN & BEAUDINE, LLP
390 N. Orange Avenue, Suite 600
Orlando, Florida  32802-3353
Telephone (407) 481-5800
Facsimile (407) 481-5801
Attorneys for Appellee

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT OF BASIS FOR APPELLATE JURISDICTION . . . . . . . . . . . . . . . . . . . . vi

STATEMENT OF ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STANDARD OF APPELLATE REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    I.    THE BANKRUPTCY COURT DID NOT ABUSE
        ITS DISCRETION IN DENYING THE MOTIONS
        TO DISMISS, OR IN THE ALTERNATIVE, TO
        CONVERT TO CASES UNDER CHAPTER 7,
        APPELLEE'S BANKRUPTCY CASE PURSUANT
        TO 11 U.S.C. §1112 (B). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        A.    The Appellee's voluntary petition was filed for
              a valid bankruptcy purpose. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

        B.    Given the circumstances of the Appellee's bankruptcy
              case, it was in the best interests of creditors and the
              estate to deny the motions to dismiss or convert. . . . . . . . . . . . . . 14

        C.    The Bankruptcy Court provided the appropriate notice
              and opportunity for hearing on the motions to dismiss or
              convert. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

# TABLE OF AUTHORITIES

**FEDERAL CASES**

Ahrenholz v. Bd. of Tr. of the Univ. of IL.,
   219 F.3d 674 (7th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii, viii

Bank of Am. Nat'l Trust & Sav. Ass'n v. 203 N. LaSalle St. P'ship,
   526 U.S. 434 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Bush v. Balfour Beatty Bahamas Ltd. (In re Bush),
   62 F.3d 1319 (11th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Celotex Corp. v. AIU Ins. Co. (In re Celotex Corp.),
   187 B.R. 746 (M.D. Fla. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

Colonial Bank v. Freeman (In re Pac. Forest Prods. Corp.),
   335 B.R. 910 (S.D. Fla. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . viii

Colonial Daytona Ltd. Partnership v. American Sav. of Fla.,
   152 B.R. 996 (M.D. Fla. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 18

In re Albany Partners, Ltd.,
   749 F. 2d 670 (11th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

In re All American of Ashburn, Inc,
   40 B.R. 104 (Bankr. N.D. Ga. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

In re Alves Photo Serv., Inc.,
   6 B.R. 690 (Bankr. D. Mass 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

In re Cockings,
   172 B.R. 257 (Bankr. E.D. Ark. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

In re Consol. Auto Recyclers, Inc.
   123 B.R. 130 (Bankr. D. Me. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

In re Crown Village Farm, LLC,
     2009 WL 1651385 (Bankr. D. Del. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

In re Deer Park, Inc.,
     136 B.R. 815 (9th Cir. BAP 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

In re Elmwood Dev. Co.,
     964 F. 2d 508 (5th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

In re Fisher,
     2008 WL 1775123 (Bankr. D. Mont. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

In re Gateway Access Solutions, Inc.,
     374 B.R. 556 (Bankr. M.D. Pa. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

In re Marks,
     131 B.R. 220 (S.D. Fla. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

In re Mazzocone,
     108 B.R. 782 (E.D. Pa. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

In re Orbit Petroleum, Inc.,
     395 B.R. 145 (Bankr. D. N.M. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

In re Pittsfield Weaving Co.,
     393 B.R. 271 (Bankr. D. N.H. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

In re Seidler,
     44 F. 3d 945 (11th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

In re SGL Carbon Corp.,
     200 F. 3d 154 (3d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

In re Siegel,
     340 B.R. 638 (Bankr. S.D. Fla. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

In re The Charter Company,
     778 F. 2d 617 (11th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

In re Tracey Service Co., Inc.,
    17 B.R. 405 (Bankr. E.D. Pa. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

In re Winimo Realty Corp.,
    270 B.R. 99 (S.D.N.Y. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

In the Matter of Nancant,
    8 B.R. 1005 (Bankr. D. Mass. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Loop Corp. V. United States Trustee,
    379 F. 3d 511 (8th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

McFarlin v. Conseco Servs., LLC,
    381 F. 3d 1251 (11th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii, viii

Moody v. Amoco Oil Co.,
    734 F.2d 1200 (7th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

NMSBPCSLDHB, LP v. Integrated Telecom Express, Inc.,
    384 F. 3d 108 (3d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 11

United States v. Rodgers,
    101 F.3d 247 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

United States v. United States Gypsum Co.,
    333 U.S. 364 (1948) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**FEDERAL STATUTES**

11 U.S.C. § 102 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

11 U.S.C. § 1112 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

11 U.S.C. § 1123 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

11 U.S.C. § 1129 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

28 U.S.C. § 158 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

iv

28 U.S.C. § 1292 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

**FEDERAL RULES**

Fed. R. Bankr. P. 8013 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## STATEMENT OF BASIS FOR APPELLATE JURISDICTION

On September 14, 2009, Rachlin Cohen & Holtz LLP, Laurie S. Holtz and Jose I. Marrerro (collectively, "Rachlin") filed a notice of appeal of the Bankruptcy Court's order denying Rachlin's and Forge Capital Partners' Motions to Dismiss the bankruptcy case of Mirabilis Ventures Inc. ("Order Denying Dismissal"), in Bankruptcy Case No. 6:08-bk-04327-KSJ, and a Motion for Leave to Appeal Interlocutory Order Denying Motions to Dismiss Chapter 11 Bankruptcy Case (the "Rachlin Appeal")[1]. Doc. No. 283, 286[2]. On September 28, 2009, Mirabilis Ventures, Inc. ("Mirabilis") filed an Objection to the Motion for Leave to Appeal Interlocutory Order Denying Motions to Dismiss Chapter 11 Bankruptcy Case. Doc. No. 308. Although this Court did not enter an order granting the Motion for Leave to Appeal Interlocutory Order Denying Motions to Dismiss Chapter 11 Bankruptcy Case, this Court did enter an order on February 5, 2010, scheduling the timing of filing and the length of the parties' briefs in these Consolidated Appeals[3]. District Court. Doc. No. 16.

---

[1] On September 14, 2009, Forge Capital Partners, LLC f/k/a Moreco Partners, LLC, Argent Capital Advisors, LLC f/ka Atlantic American Capital Advisors, LLC, Argent BD, LLC, Argent BD Transition, LLC, Robert Moreyra, Peter Collins, Bison Mortgage Corp., and Solutions Funding, Inc. (collectively, the "Forge Creditors") also filed notices of appeal with respect to the Order Denying Dismissal which denied: (i) Rachlin's and Forge Creditors' Motions to Dismiss the bankruptcy case of Mirabilis Ventures Inc., in bankruptcy case no. 6:08-bk-04327-KSJ; and (ii) Forge Creditors' Motion to Dismiss the bankruptcy case of Hoth Holdings, LLC, in bankruptcy case no. 6:08-bk-04328-KSJ, and Motions for Leave to Appeal Interlocutory Order Denying Motions to Dismiss Chapter 11 Bankruptcy Case (collectively, the "Forge Appeal") (the Rachlin Appeal and the Forge Appeal shall collectively be referred to as the "Consolidated Appeals"). Doc. No. 287, 288.

[2] Unless otherwise noted, citations to the record on appeal will be reflected as citations to the docket in the Mirabilis bankruptcy case styled *In re Mirabilis Ventures Inc.*, case no. 6:08-bk-04327-KSJ, pending before the United States Bankruptcy Court for the Middle District of Florida, Orlando Division.

[3] In Rachlin's Opposition to Appellee's Motion to Dismiss Consolidated Appeals and Incorporated Memorandum of Law, Rachlin states that the filing of the Notices of Appeal and Motions for Leave to Appeal Interlocutory Order Denying Motions to Dismiss Chapter 11 Bankruptcy Case by Rachlin

Pursuant to 28 U.S.C. §158(a), the district court is granted jurisdiction to hear "…appeals from final judgment, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to bankruptcy judges under section 157 of this title…" While neither §158(a) nor the Bankruptcy Rules provide any specific standard for evaluating interlocutory appeals, district courts typically utilize the standards that govern appeals of interlocutory orders from district courts to courts of appeal pursuant to 28 U.S.C. §1292(b). Celotex Corp. v. AIU Ins. Co. (In re Celotex Corp.), 187 B.R. 746, 749 (M.D. Fla. 1995). As such, the standard adopted for determining whether to grant leave for an interlocutory appeal is: (i) whether the issue involves a controlling issue of law; (ii) whether there is substantial ground for difference of opinion on that issue of law; and (iii) whether an immediate appeal from the order will materially advance the ultimate termination of the litigation. Id. Leave must be denied if the party seeking leave to appeals fails to establish any one of the three elements. Id.

The issues involved in these Consolidated Appeals do not meet the aforementioned criteria. First, an issue is characterized as a controlling question of law if it deals with a question of "pure" law, or deals with matters that can be decided quickly and cleanly without having to study the record. McFarlin v. Conseco Servs., LLC, 381 F. 3d 1251, 1258, 1260-62 (11th Cir. 2004) (holding that

---

and the Forge Creditors divested the Bankruptcy Court of jurisdiction to enter the Order Confirming the Joint Amended Plan of Liquidation ("Confirmation Order"). District Court. Doc. No. 21, pp. 5-7. However, the Divestiture Rule only applies to appeals of final orders or to interlocutory orders once leave to appeal has been granted by the District Court. See In re Seidler, 44 F. 3d 945, 948 (11th Cir. 1995); In re The Charter Company, 778 F.2d 617, 620 (11th Cir. 1985); see also In re Winimo Realty Corp., 270 B.R. 99, 106 (S.D.N.Y. 2001)(citing U.S. v. Rodgers, 101 F. 3d 247, 251 (2d Cir. 1996). As such, the Divestiture Rule does not apply to these Consolidated Appeals and the Bankruptcy Court did have jurisdiction to enter the Confirmation Order.

because the issues presented involved the application of the facts to the law, the movant could not

prove a "controlling question of law") (quoting Ahrenholz v. Bd. of Tr. of the Univ. of IL, 219 F. 3d

674, 677 (7th Cir. 2000)). In the instant case, the issue of "good faith" is neither a question of law, nor

a matter than can be decided quickly, but rather a fact intensive inquiry in which the Bankruptcy Court

must examine the totality of the circumstances. Furthermore, to satisfy the second element, whether

there is substantial ground for difference of opinion among courts, the Appellant must show that at least

two courts interpret the relevant principle differently. Colonial Bank v. Freeman, (In re Pac. Forest

Prods. Corp.), 335 B.R. 910, 922 (S.D. Fla. 2005). If the jurisdiction where the bankruptcy order

was rendered has decided the issue, a substantial difference of opinion cannot exist. Id. If there is no

controlling authority, the district court may consider authority from other circuits. Id. Demonstrating

a lack of authority on the legal issue is not sufficient. Id. In the instant case, the Appellant has failed

to demonstrate a substantial difference of opinion and have intentionally misconstrued the weight of

authority permitting liquidation in Chapter 11 proceedings. Finally, the third condition requiring a

material advance in the ultimate termination of the litigation would not be met by granting leave to

appeal. Even if this Court were to determine that the bankruptcy case was not properly filed as a case

under Chapter 11, the Debtors could still convert to a case under Chapter 7, and the litigation between

the parties, as well as the bankruptcy proceedings, would still ensue. Granting leave to appeal would

only delay the ultimate outcome of the litigation, it would not terminate the litigation.

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

In re:

MIRABILIS VENTURES, INC., and
HOTH HOLDINGS, LLC,

                        Debtors.

_____/

RACHLIN, COHEN & HOLTZ, LLP,
and FORGE CAPITAL PARTNERS,

                        Appellants,

vs.

MIRABILIS VENTURES, INC., and
HOTH HOLDINGS, LLC,

                        Appellees.

_____/

Bkry Case Nos. 6:08-bk-04327-KSJ and
6:08-bk-04328-KSJ

Consolidated

Case No.: 6:09-cv-01658-GAP

### ANSWER BRIEF OF APPELLEE

### STATEMENT OF ISSUES

   1. Whether the bankruptcy court abused its discretion in denying the motions to dismiss, or in the alternative, to convert to cases under Chapter 7, Appellee's bankruptcy case pursuant to 11 U.S.C. §1112(b).

### STANDARD OF APPELLATE REVIEW

   A Bankruptcy Court's denial of a motion to dismiss a Chapter 11 bankruptcy petition for want of good faith is reviewed for an abuse of discretion. NMSBPCSLDHB, L.P. v. Integrated Telecom Express, Inc. (In re Integrated Telecom Express, Inc.), 384 F. 3d 108, 118 (3d Cir. 2004). "[A]n

1

abuse of discretion exists where the [bankruptcy] court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." Id. Under Rule 8013 of the Federal Rules of Bankruptcy Procedure, "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Fed. R. Bankr. P. 8013. A bankruptcy court's findings of fact is clearly erroneous only when "although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948). The bankruptcy court's conclusions of law are reviewed *de novo*. See Bush v. Balfour Beatty Bahamas Ltd. (In re Bush), 62 F.3d 1319, 1322 (11th Cir. 1995) (citation omitted). *De novo* review requires the Court to make a judgment "independent of the bankruptcy court's, without deference to that court's analysis and conclusions." Moody v. Amoco Oil Co., 734 F.2d 1200, 1210 (7th Cir. 1984). Where an issue raises a mixed question of law and fact, District Courts are instructed to review a bankruptcy court's determination *de novo*. See In re Marks, 131 B.R. 220, 222 (S.D. Fla. 1991), aff'd, 976 F.2d 743 (11th Cir. 1992).

## STATEMENT OF THE CASE

This case concerns the interpretation and application of the Bankruptcy Code with respect to a motion to dismiss a Chapter 11 bankruptcy petition, or in the alternative, to convert to a case under Chapter 7. The Appellant, Rachlin, argues that the Bankruptcy Court erred in denying the motion to dismiss the Chapter 11 bankruptcy petition of Mirabilis, or in the alternative, to convert to a case under

2

Chapter 7 because: (i) Mirabilis lacked the corporate authority to file a voluntary petition for relief; (ii) the Chapter 11 bankruptcy petitions were filed in bad faith; and (iii) the procedures employed by the Bankruptcy Court in ruling on the Dismissal Motions (as defined *supra*) were not proper[4].  The Appellee, Mirabilis, argues that the Bankruptcy Court did not abuse its discretion in denying the Dismissal Motions because: (i) pursuant to applicable Nevada state law, Mirabilis had the corporate authority to file a Chapter 11 petition; (ii) the Chapter 11 petitions were filed for a valid bankruptcy purpose; (iii) given the circumstances of the bankruptcy case of Mirabilis, dismissal or conversion was not in the best interests of creditors and the estate; and (iv) the Bankruptcy Court properly conducted the hearings on the Dismissal Motions.

In addition to the above grounds to deny the instant appeal, on February 5, 2010, the Appellee filed a motion to dismiss these Consolidated Appeals as moot for the reason that Appellee's Plan (as defined *supra*) has been confirmed by the Bankruptcy Court, the Confirmation Order (as defined *supra*) is a final, non-appealable order, the Plan has been substantially consummated, and effective relief is no longer available to the Appellant in these appeals. District Court Doc. No. 18.  The Appellee hereby adopts and incorporates by reference in this answer brief the arguments set forth in the motion to dismiss.

On May 27, 2008, ("Petition Date") Mirabilis and Hoth Holdings LLC ("Hoth") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. Doc. No. 1.  On June 5, 2008, AEM,

---

[4] Rachlin adopts and incorporates by reference the arguments presented by the Forge Creditors in its Initial Brief.  Accordingly, Mirabilis adopts and incorporates by reference the arguments presented by Mirabilis and Hoth in its Answer Brief.

Inc. ("AEM") also filed a Chapter 11 bankruptcy petition (collectively, Mirabilis, Hoth, and AEM shall

be referred to as "Debtors"). The Chapter 11 filings came primarily as a result of an *in rem* civil

forfeiture action commenced by the United States Attorney ("US Attorney") on behalf of the United

States of America ("United States") against certain assets of Mirabilis, which effectively caused Mirabilis

to be unable to collect assets and pursue claims and litigation against various third parties[5]. Doc. No.

185, ¶ 2. The *in rem* civil forfeiture action was filed based upon the criminal investigation of Mr.

Amodeo[6]. In an effort to preserve equity for all creditors, Mirabilis and Hoth deemed a Chapter 11

liquidation plan as in the best interest of all creditors. See id.

Although the US Attorney did not originally approve of the filing of the Chapter 11 bankruptcy

petitions and the use of the Bankruptcy Code to liquidate the assets of the Debtors for the benefit of all

creditors, the United States did ultimately agree that is was in the best interests of all parties to have

some of the assets administered in the bankruptcy proceedings. On August 14, 2008, the US Attorney

filed a motion to intervene and stay the bankruptcy case of Mirabilis ("Stay Motion"). Doc. No. 48.

In the Stay Motion, the US Attorney sought to stay the Mirabilis bankruptcy case in order to pursue a

forfeiture and seizure action against property of the Debtors' estates which would "become property

---

[5] On April 25, 2008, the US Attorney instituted *in rem* civil forfeiture proceedings ("Civil Complaint"), in the United States District Court for the Middle District of Florida, case no. 6:08-cv-00670-ACC-KRS, against certain property owned by Mirabilis. On September 4, 2008, the US Attorney amended the Civil Complaint to add additional property, some of which was owned by Mirabilis. On October 30, 2008, the US Attorney indicted AEM and Mirabilis for conspiracy, wire fraud, and forfeiture; case no. 6:08-cr-00231-JA-KRS. AEM and Mirabilis have not been convicted and have not pled guilty to any of the counts set forth in the indictment.

[6] On August 6, 2008, the US Attorney indicted Frank L. Amodeo for conspiracy, failure to remit payroll taxes, wire fraud, and obstruction of an agency investigation; case no. 6:08-cr-176-Orl-28-GJK.

4

of the United States and [would] not remain in the related bankruptcy estates." <u>Doc. No. 48</u>, ¶ 6. If granted, the United States would have seized substantially all of Mirabilis' assets. On September 24 and 25, 2008, the US Attorney filed motions to dismiss the Debtors' bankruptcy cases based upon allegations of bad faith (the "USA Dismissal Motions") <u>Doc. No. 41</u>. On October 3, 2008, the Forge Creditors joined in the USA Dismissal Motions in the Mirabilis and Hoth bankruptcy cases ("Forge Dismissal Motions"). <u>Doc. No. 88</u>.

Subsequently, on April 23, 2009, Rachlin also filed a motion to dismiss the Mirabilis bankruptcy case (the "Rachlin Dismissal Motion") (the Rachlin Dismissal Motion and the Forge Dismissal Motions shall collectively be referred to as the "Dismissal Motions"). <u>Doc. No. 183</u>. Rachlin is not a creditor of the Appellee, but a defendant in a malpractice lawsuit styled *Mirabilis Ventures Inc. v. Marcum Rachlin et al.*, case no. 6:08-ap-00223-KSJ. The Dismissal Motions raise substantially the same factual and legal arguments.

On November 25, 2008, the Debtors and the US Attorney reached a settlement agreement with respect to the Stay Motion and the USA Dismissal Motion, and filed a motion for approval of compromise of controversy by and between Debtors and the United States (the "Settlement"). <u>Doc. No. 101</u>. Pursuant to the terms of the Settlement, the Debtors and the US Attorney agreed that it would be in the best interests of all parties to agree to the administration of the Debtors' assets, and have part of the administration occur in the bankruptcy cases. <u>Doc. No. 101</u>, ¶ 24-31. The Settlement provides for: (i) the division of assets between the bankruptcy estates and the United States; (ii) the allowance of a $200,000,000 unsecured forfeiture claim; (iii) a liquidation plan of reorganization and the

5

consolidation of the Debtors' bankruptcy estates; and (iv) all pending motions filed by the US Attorney in the bankruptcy cases and by the Debtors against the United States to be withdrawn with prejudice upon approval of the Settlement. Id. The Settlement was ultimately approved by the Bankruptcy Court's order approving the Settlement entered on March 4, 2009. Doc. No. 145. Pursuant to the Settlement, on June 3, 2009, Mirabilis amended Schedule F to provide for the $200,000,000 unsecured forfeiture claim. Doc. No. 194. At the time the Settlement was reached, the Debtors had a pending Joint Amended Plan of Liquidation, which was filed on August 14, 2009. Doc. No. 234. The Joint Amended Plan of Liquidation was subsequently modified on October 15, 2009 (collectively, the "Plan") and confirmed on October 27, 2009 (the "Confirmation Order"). Doc. No. 375. As contemplated by the Settlement, the Plan incorporated the terms of the Settlement and the United States, the holder of ninety percent (90%) of the general unsecured claims, voted in favor of the Plan. The United States is the majority creditor of the Debtors.

On May 20, 2009, the Bankruptcy Court conducted a hearing to determine how to proceed with the hearing on the Dismissal Motions. May 20, 2009 Transcript. During the course of the hearing, counsel for Rachlin stated that he thought the two main issues before the Bankruptcy Court, standing and bad faith, could be addressed "without an extensive evidentiary hearing because of the unique aspects of this case." Id. at pp. 11-12. Furthermore, counsel for Rachlin stated he intended to rely on affidavits and the transcript of Mr. Amodeo's sentencing hearing as his documentary evidence. Id. at pp. 12- 13, 26-27. At the conclusion of the hearing, the Bankruptcy Court determined

> I don't need any further — I'm going to have a non-evidentiary hearing on
> the pending motions to dismiss. If the parties stipulate as to documentary
> or other types of evidence, I don't mind taking that. But we are not having
> witnesses. This is not going to be an evidentiary hearing. I would like to
> hear argument on the motion to dismiss and I will reserve a substantial
> period of time to do that. But it is not going to be an evidentiary hearing.
> Id at p. 24.

Furthermore, the parties had fully briefed the Dismissal Motions and had submitted affidavits, as well

as certain corporate records of Mirabilis. See Doc. Nos. 88, 183, 184, 185, 204, 205, 225, 227, 237,

238, 260, 261. The Bankruptcy Court had ample evidence and legal memoranda on the issues raised

in the Dismissal Motions.

On August 26, 2009, the Bankruptcy Court, pursuant to Federal Rule of Bankruptcy Procedure

7052, stated orally in open court the findings of fact and conclusions of law denying the Dismissal

Motions. Specifically, the Bankruptcy Court made the following findings of fact and conclusions of law:

(i) due to the fact that the 2005 Bylaws were not adopted by the stockholders of Mirabilis, Article 8 of

Mirabilis' Articles of Incorporation reserves the right of Mirabilis to amend its bylaws, and Nevada state

law permits directors to amend a corporation's bylaws unilaterally, the subsequent appointment of Mr.

Moecker and Mr. Cuthill was authorized, as well as the filing of the Chapter 11 bankruptcy petitions;

(ii) the filing of a Chapter 11 bankruptcy petition with the intent to maximize the recovery of assets for

the benefit of creditors through a liquidating plan is not bad faith; and (iii) the issues of alter ego liability

and the doctrine of *in pari delicto*, both based solely upon hearsay evidence of Mr. Amodeo, are not

sufficient "cause" to override the "potentiality of significant distribution to a group of very legitimate

creditors …" August 26, 2009 Transcript, pp. 5-7, 11-15. On September 2, 2009, the Bankruptcy

7

Court entered the Order Denying Dismissal. Doc. No. 268. On September 14, 2009, both the Forge

Creditors and Rachlin filed notices of appeal of the Order Denying Dismissal.

With respect to the Order Denying Dismissal, the Bankruptcy Court's findings of fact that the

filing of the Chapter 11 bankruptcy petitions were validly authorized by the Debtors was not clearly

erroneous. Furthermore, the Bankruptcy Court did not err in determining that the Chapter 11 Petitions

were not filed in bad faith and that due to the circumstances of these bankruptcy cases, it was in the best

interests of all creditors and the estates to remain under Chapter 11. Finally, the Bankruptcy Court

provided the Appellant with sufficient notice and opportunity for hearing as was required under the

circumstances. Accordingly, the Bankruptcy Court's decision should be affirmed.

## ARGUMENT

I.      THE BANKRUPTCY COURT DID NOT ABUSE
        ITS DISCRETION IN DENYING THE MOTIONS
        TO DISMISS, OR IN THE ALTERNATIVE, TO
        CONVERT TO CASES UNDER CHAPTER 7,
        APPELLEE'S BANKRUPTCY CASE PURSUANT
        TO 11 U.S.C. §1112 (B).

The Chapter 11 bankruptcy petitions filed by Mirabilis and Hoth were filed with the requisite

corporate authority, in good faith with the intent to serve a valid bankruptcy purpose, and in the best

interests of all creditors and the estates. Pursuant to 11 U.S. C. § 1112(b), the court shall convert a

case under Chapter 11 to a case under Chapter 7 or dismiss a case, if the movant establishes cause.

11 U.S.C. §1112(b)(1). However, even if "cause" is established, the court need not order conversion

or dismissal if: (i) the court specifically finds unusual circumstances that establish the requested

conversion or dismissal is not in the best interests of creditors and the estate; and (ii) the debtor

establishes that there is a reasonable likelihood that a plan will be confirmed within a reasonable period

of time. 11 U.S.C. §1112(b)(2)(A). In addition, Section 1112(b)(4) of the Bankruptcy Code identifies

sixteen factors which may constitute cause for dismissal or conversion. §1112(b)(4)(A)-(P). While

Section 1112(b)(4) of the Bankruptcy Code does not include the issue of corporate authority, the list

is nonexclusive. See In re Consol. Auto Recyclers, Inc., 123 B.R. 130, 137 n. 41 (Bankr. D. Me.

1991) (citing In re Alves Photo Serv., Inc., 6 B.R. 690, 694 (Bankr. D. Mass. 1980)). Moreover, the

notice and opportunity for a hearing provided by the Bankruptcy Court was appropriate in the particular

circumstances of these bankruptcy cases. In the instant case, the Appellant failed to establish "cause"

for the dismissal or conversion of the Appellee's bankruptcy petition.

> A.    The Appellee's voluntary petition was filed for a valid
>        bankruptcy purpose.

The Appellee filed the Chapter 11 bankruptcy petition with the intent to maximize the

recovery of all the Debtors' assets, preserve the value of these of assets, and distribute the proceeds

from these assets to all creditors. During the pendency of these Chapter 11 bankruptcy proceedings,

there was no: (i) substantial or continuing loss to or diminution of the estates; (ii) gross mismanagement

of the estates; (iii) failure to maintain appropriate insurance; (iv) unauthorized use of cash collateral; (v)

failure to comply with an order of the court; (vi) unexcused failure to satisfy timely any filing or reporting

requirement; (vii) failure to attend the meeting of creditors or examination; (viii) failure to provide

information or attend meetings reasonably requested by the United States trustee; (ix) failure to timely

pay taxes owed after the petition date or to file tax returns due after the petition date; or (x) failure to file disclosure statement or to file and confirm a plan. The sole basis for the Appellant's argument for dismissal or conversion rests on "the absence of a reasonable likelihood of rehabilitation" due to the Debtors' "bad faith" intent to file a liquidating plan.

Chapter 11 bankruptcy petitions are subject to dismissal or conversion under 11 U.S.C. §1112(b) unless filed in good faith. In re SGL Carbon Corp., 200 F. 3d 154, 159-62 (3d Cir. 1999). The burden is on the bankruptcy petitioner to establish that its petition has been filed in good faith. See id. Whether the good faith requirement has been satisfied is a "fact intensive inquiry" in which the court must examine "the totality of facts and circumstances" and determine where a "petition falls along the spectrum ranging from the clearly acceptable to the patently abusive." Id. at 162. As such, the determination of "cause" under §1112(b) is "subject to judicial discretion under the circumstances of each case." In re Albany Partners, Ltd., 749 F. 2d 670, 675 (11th Cir. 1984) (quoting In the Matter of Nancant, 8 B.R. 1005, 1006 (Bankr. D. Mass. 1981)). The equitable nature of this determination supports the construction that a debtor's lack of "good faith" may constitute cause for dismissal of a petition. See id. In finding a lack of good faith courts have emphasized an intent to abuse the judicial process and the purposes of the reorganization provisions. See id.

The Supreme Court has identified two of the basic purposes of Chapter 11 as: (i) "preserving going concerns" and (ii) "maximizing property available to satisfy creditors." Bank of Am. Nat'l Trust & Sav. Ass'n v. 203 N. LaSalle St. P'ship, 526 U.S. 434, 453, 119 S. Ct. 1411, 143 L. Ed. 2d 607 (1999). Numerous courts have made clear that even where the debtors are not attempting

to preserve going concern, for example when a liquidating plan will be filed, they can still satisfy the good faith requirement, provided that the filing preserves "some value that otherwise would be lost outside of bankruptcy." In re Crown Village Farm, LLC, 2009 WL 1651385, *5 (Bankr. D. Del. 2009) (quoting Intergrated Telecom, 200 F. 3d at 120). "Reorganization … is not the only appropriate use of Chapter 11 since the Code clearly contemplates liquidating plans under 11 U.S.C. § 1123(b)(4)." Integrated Telecom, 200 F. 3d at 120 n. 4. Accordingly, so long as the liquidation plan is maximizing the value of the debtor's estate, it serves a valid bankruptcy purpose and meets the good faith requirement. See id. The weight of authority permits such liquidation. See Loop Corp. v. United States Trustee, 379 F. 3d 511, 517 (8th Cir. 2004).

Moreover, the request to dismiss or convert a case under Chapter 11 to a case under Chapter 7 due to the "absence of a reasonable likelihood of rehabilitation" also requires a showing by the movant that there has been a continuing loss to or diminution of the estate. In re All American of Ashburn, Inc., 40 B.R. 104 (Bankr. N.D. Ga. 1984). Furthermore, in cases where there has been no loss or diminution of the estate during the administration of the bankruptcy estate, courts have found that no cause for conversion exists under subsection (1) of §1112(b). See id. at 107; see also In re Tracey Service Co., Inc., 17 B.R. 405, 409 (Bankr. E.D. Pa. 1982) ("… the creditor has alleged that there is no likelihood of rehabilitation.  In addition, the movant must show a continuing loss to the estate.")

Finally, the filing of a voluntary petition under Chapter 11 for the purpose of conducting an orderly liquidation of assets does not constitute "bad faith". See In re Siegel, 340 B.R. 638, 641 (Bankr. S.D. Fla. 2006). In Section 1129(a)(11), the Bankruptcy Code specifically recognizes that

11

liquidation may be contemplated in a valid Chapter 11 plan of reorganization, despite the label

"reorganization." Although the word "reorganization" might commonly bring to mind ongoing operations,

Congress explicitly placed language providing for liquidation within Chapter 11, which is titled

"Reorganization."  If Congress had intended not to include liquidation as an acceptable type of

reorganization plan, then presumably all provisions dealing with liquidation would be included only within

Chapter 7, which is specifically titled "Liquidation." In re Deer Park, Inc., 136 B.R. 815, 818 (9th Cir.

BAP 1992).

> Liquidation under a Chapter 11 plan is not the same as a Chapter 7
> liquidation.  A liquidation  under Chapter 11 allows the debtor in
> possession, one who is presumably more familiar with the assets of the
> debtor's organization and its respective values, the ability to plan for an
> orderly divestiture of the assets over time as opposed to a Chapter 7
> trustee, who is generally less familiar with the debtor's assets.  A Chapter
> 11 plan, even though a liquidating plan, must still conform to the same
> statutory requirements of any other Chapter 11 reorganization.  A
> liquidating plan is desirable when the debtor in possession can bring about
> a greater recovery for the creditors than would a straight liquidation under
> Chapter 7.  Id.

In the instant case, the Appellant argues that there is sufficient cause to dismiss or

convert these bankruptcy cases because: (i) the Appellee filed the bankruptcy petition with the intent

to liquidate, and therefore, the petitions were filed in bad faith; and (ii) the Appellee's is liquidating,

therefore, there is no likelihood of rehabilitation.  A debtor filing a voluntary petition under Chapter 11

with the intent to liquidate does not render the bankruptcy filing per se bad faith.  The Appellee filed the

Chapter 11 bankruptcy petition with the intent to maximize the recovery of assets for the benefit of all

creditors. The bankruptcy estates consist of "real assets and a collectible book of various types of tangible and intangible property that might result in a substantial distribution" to creditors. August 26, 2009 Transcript, p. 12, ln. 17-23; see also Doc. Nos. 36, 37, 15. The bankruptcy court is the only forum where the Debtors could substantively consolidate all claims and assets into one Liquidating Debtor and thereby provide for the equitable distribution to all creditors, not just the United States. In addition, the causes of action, including the requests for refunds from various insurance and reinsurance companies, could only have been brought through the bankruptcy forum. If all the assets of the Debtors had been seized by the United States, there would have been no ability for the Debtors to preserve these causes of action for the benefit of all creditors. Moreover, the Appellant failed to prove that there has been a continuing loss to or diminution of the estate. To the contrary, Mr. Cuthill has been working very diligently in identifying and recovering assets of the bankruptcy estates. See Doc. Nos. 43, 95, 96, 99, 119, 129, 155, 182, 210, 223. The Appellant failed to demonstrate "bad faith" or "cause" to dismiss or convert the Appellee's bankruptcy case.

The Bankruptcy Court did not abuse its discretion in finding that it does not constitute "bad faith" to file a Chapter 11 bankruptcy petition with the intent to maximize the recovery of assets for the benefit of all creditors through a liquidating plan. Accordingly, this Court should affirm the Bankruptcy Court's ruling denying the motions to dismiss due to the Appellee's intent to maximize the property available to satisfy all creditors.

B.     <u>Given the circumstances of the Appellee's bankruptcy case, it was in the best interests of creditors and the estate to deny the motions to dismiss or convert.</u>

Even though the Appellant failed to demonstrate "cause" for the dismissal or conversion of the Appellee's Chapter 11 bankruptcy petition, the Bankruptcy Court found that given the unusual circumstances of these bankruptcy cases, the cases would not be dismissed or converted to a case under Chapter 7. Pursuant to §1112(b)(1), the initial burden lies with the movant to establish "cause" for dismissal. <u>In re Gateway Access Solutions, Inc.</u>, 374 B.R. 556, 561 (Bankr. M.D. Pa. 2007). The list of what constitutes "cause" is proscribed under §1112(b)(4). <u>See id</u>. Generally, such lists are viewed as illustrative rather than exhaustive, and courts should "consider other factors as they arise." <u>See id</u>. However, even if the movant establishes "cause", conversion or dismissal may be disallowed if the debtor specifically identifies "unusual circumstances" which establish conversion is not in the best interest if creditors. <u>See id</u>. at 560. The term "unusual circumstances" is not defined in the statute, the phrase, however, contemplates conditions that are not common in chapter 11 cases. <u>In re Pittsfield Weaving Co.</u>, 393 B.R. 271, 274 (Bankr. D.N.H. 2008) (citing <u>In re Fisher</u>, 2008 WL 1775123, *5 (Bankr. D. Mont. 2008)).

In the case <u>In re Orbit Petroleum, Inc.</u>, 395 B.R. 145, 146 (Bankr. D. N.M. 2008), a group of creditors moved to dismiss the debtor's chapter 11 based upon the following allegations of "cause": (i) failure to file monthly operating reports; (ii) failure to file United States trustee reports and failure to pay United States trustee's fees; (iii) failure to make payments due to secured creditors; (iv) substantial and continuing losses and diminution of the bankruptcy estate and the absence of a

14

reasonable likelihood of rehabilitation; (v) declining production due to insufficient cash flow; and (vi) inability to reorganize.  At the time of the hearing on the motion to dismiss, the debtor had filed its monthly operating reports, paid United States trustee's fees, and filed a plan of reorganization and disclosure statement.  See id.  The debtor was continuing to lose money, production was down, and severance taxes based on the oil production was overdue.  See id. at 147.  The debtor's plan of reorganization required a $7 million cash infusion, which would be used to pay all creditors in full as of the effective date.  See id.

The issue before the bankruptcy court was whether given the "cause" to dismiss or convert, there existed "unusual circumstances" sufficient to disallow the motion to dismiss.  See id. at 148.  The bankruptcy court ruled that if the debtor could demonstrate that the purposes of chapter 11 would be better served by maintaining the case as a chapter 11 proceeding, then there would exist "unusual facts or circumstances" justifying the denial of a motion to dismiss.  See id. at 148-149.  The bankruptcy court found that because a plan had been filed which purported to pay all creditors in full as of the effective date of the plan, neither conversion nor dismissal was in the best interest of the creditors and the estate.  See id. at 149.

> A plan which proposes to pay all creditors in full on the effective date is an unusual circumstance sufficient to deny conversion or dismissal even in the face of demonstrated cause. Creditors and the estate will be far better off if the plan is confirmed than if the case were dismissed or converted. By affording, the Debtor an opportunity to confirm a plan the proposes to pay all creditors in full, the purposes of the bankruptcy code to encourage financial restructuring and facilitate payments to creditors is furthered. Id.

15

In the instant case, the Bankruptcy Court determined that the Appellant failed to establish "cause." However, even had "cause" been established the record below supports the finding of unusual circumstances. At the time of the hearing on the Dismissal Motions, the Appellee had the Settlement and the support of its largest creditor, the United States. In addition, the Appellee had filed the Plan and were only three and a half months away from confirmation. See Doc. No. 209. The Bankruptcy Court specifically found "Mirabilis has a number of creditors in addition to the United States of America to the tune of many millions of dollars. This is a case with real creditors, with real assets and with a collectible book of various types of tangible and intangible property that might result in a substantial distribution to those creditors." August 26, 2009 Transcript, p. 12, ln. 17-23. Furthermore, the Bankruptcy Court noted "that we are on the cusp of potentially confirming the plan in less than a month, [as such] dismissal will not be the avenue that we will be pursuing." See id. at p.15, ln. 8-11. The Bankruptcy Court determined that the purposes of chapter 11 would be better served by maintaining the cases as chapter 11 proceedings and continuing to confirmation, which was only a month away at the time of the ruling on the Dismissal Motions. A bankruptcy case in which the Plan is supported by its largest (90%) unsecured creditor and might result in a substantial distribution is an unusual circumstance sufficient to deny conversion or dismissal, even if "cause" had been demonstrated.

The Bankruptcy Court was not clearly erroneous in finding that: (i) the purposes of chapter 11 would be better served by maintaining the bankruptcy case of Mirabilis as a case under chapter 11; and (ii) it was in the best interests of creditors and the estate to deny the motions to dismiss

16

or convert. Accordingly, this Court should affirm the Bankruptcy Court's ruling denying the motions to dismiss given the unusual circumstances.

> C. The Bankruptcy Court provided the appropriate notice and opportunity for hearing on the motions to dismiss or convert.

The Bankruptcy Court ruled on the Dismissal Motions after having provided such notice and opportunity for hearing as is appropriate in the particular circumstances of the bankruptcy case. The Code requires bankruptcy courts to conduct such "hearing[s] as [are] appropriate in the particular circumstances." 11 U.S.C. §102(1)(A). Courts throughout the country have held that evidentiary hearings are not required before a bankruptcy court rules on a motion to dismiss a Chapter 11 petition due to bad faith. See e.g. Colonial Daytona Ltd. Partnership v. American Sav. of Fla., 152 B.R. 996, 1002 (M.D. Fla. 1993); In re Elmwood Dev. Co., 964 F.2d 508, 511-12 (5th Cir. 1992); In re Mazzocone, 108 B.R. 782, 785-86 (E.D. Pa. 1995); In re Cockings, 172 B.R. 257, 260-61 (Bankr. E.D. Ark. 1994).

In Colonial Daytona, the holder of a wrap-around second mortgage on the debtor's property moved to dismiss the debtor's Chapter 11 petition as a bad faith filing. Colonial Daytona Ltd. Partnership, 152 B.R. at 999. In rendering a decision on the motion to dismiss, the bankruptcy court requested the parties submit to the court all purportedly uncontested facts bearing on the issue of bad faith, and then proffer evidence *only if a material fact was deemed disputed*. See id. at 1002. (emphasis added). Although the debtor's counsel asserted that some facts were disputed, after further inquiry, the bankruptcy court found that the facts at issue were either immaterial or not truly disputed.

17

See id. The issue before the appellate court was whether the bankruptcy court's procedural approach was inappropriate. See id. The appellate court held that the bankruptcy court's decision to allow proffered testimony in lieu of live testimony did not constitute error. See id. As noted by the appellate court, the terms "notice" and a "hearing" have a particular meaning within the context of a bankruptcy. See id. at 1003. As set forth in the Bankruptcy Code, the concept of "after notice and a hearing" means such notice and opportunity for a hearing as is appropriate in the particular circumstances of the case. See id.

In the instant case, there is no question that the Appellant had reasonable notice of the hearing on the Dismissal Motions. The Appellant had plenty of time to prepare its case against Mirabilis. The parties had fully briefed the Dismissal Motions and had submitted affidavits, as well as certain corporate records of Mirabilis. See Doc. Nos. 88, 183, 184, 185, 204, 205, 225, 227, 237, 238, 260, 261. The Bankruptcy Court had ample evidence and legal memoranda on the issues raised in the Dismissal Motions. If Rachlin knew of *material facts* that were in dispute, counsel for Rachlin had plenty of time to bring these facts to the Bankruptcy Court's attention and to formally proffer evidence. Except for the facts the Bankruptcy Court deemed either immaterial or not in dispute, the Appellant raised no issues of material fact that were contested. Most, if not all, of the Appellant's evidence focused on the conduct of Mr. Amodeo and his attending criminal plea. However, as stated by the Bankruptcy Court on numerous occasions, the acts, errors, or omissions of Mr. Amodeo do not preclude Mirabilis from filing a petition under Chapter 11. All of the facts and allegations related to Mr. Amodeo were deemed immaterial to the Dismissal Motions by the Bankruptcy Court. As stated by the

Bankruptcy Court, "I don't see it. I don't even see the argument. I see the reason why you would like to be here but I don't really see the argument. So, I am certainly not going to pretrial the fraud issues from Mr. Amodeo's case in this case. I am not going to spend precious time and a lot of expense doing that." May 20, 2009 Transcript, p. 9.

The Bankruptcy Court's procedural approach to the hearing on the Dismissal Motions does not constitute error. Under the circumstances of this case, the notice and hearing afforded the parties with regard to the Dismissal Motions was both reasonable and appropriate. Accordingly, this Court should affirm the Bankruptcy Court's ruling denying the motions to dismiss and find that the procedure employed by the Bankruptcy Court was appropriate for the particular circumstances of this case.

## CONCLUSION

For the reasons set forth above, the Bankruptcy Court's Order Denying Dismissal should be affirmed. The Bankruptcy Court did not abuse its discretion in denying the Dismissal Motions. Furthermore, the Bankruptcy Court's procedural approach to the hearing on the Dismissal Motions does not constitute error. Under the circumstances of this case, the notice and hearing afforded the parties with regard to the Dismissal Motions was both reasonable and appropriate. The Bankruptcy Court's findings of fact that: (i) that the 2005 Bylaws were not adopted by the stockholders of Mirabilis; (ii) Article 8 of Mirabilis' Articles of Incorporation reserves the right of Mirabilis to amend its bylaws; (iii) Nevada state law permits directors to amend a corporation's bylaws unilaterally; (iv) the subsequent appointment of Mr. Moecker and Mr. Cuthill was authorized, as well as the filing of the Chapter 11

19

bankruptcy petitions; (v) the issues of alter ego liability or the doctrine of *in pari delicto*, both based solely upon hearsay evidence of Mr. Amodeo, are not sufficient "cause" to override the "potentiality of significant distribution to a group of very legitimate creditors"; (vi) it does not constitute "bad faith" to file a Chapter 11 bankruptcy petition with the intent to maximize the recovery of assets for the benefit of all creditors through a liquidating plan, were not clearly erroneous; (vii) the purposes of chapter 11 would be better served by maintaining the bankruptcy cases of Mirabilis and Hoth as cases under chapter 11; and (viii) it was in the best interests of creditors and the estates to deny the motions to dismiss or convert  Accordingly, the Bankruptcy Court's decision should be affirmed.

**DATED** this 5ᵗʰ day of March, 2010.

Respectfully submitted,

/s/ R. Scott Shuker
R. Scott Shuker, Esquire
Florida Bar No.: 984469
rshuker@lseblaw.com
Mariane L. Dorris, Esquire
Florida Bar No.: 0173665
mdorris@lseblaw.com
**LATHAM, SHUKER, EDEN & BEAUDINE, LLP**
390 N. Orange Avenue, Suite 600
P.O. Box 3353
Orlando, Florida  32802-3353
Telephone (407) 481-5800
Facsimile (407) 481-5801
Attorneys for Appellee

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

In re:

**MIRABILIS VENTURES, INC.,**
**and HOTH HOLDINGS, LLC,**

Bkry Case Nos. 6:08-bk-04327-KSJ and
6:08-bk-04328-KSJ

**Debtors.**

_____/

**RACHLIN, COHEN & HOLTZ,**
**LLP, and FORGE CAPITAL**
**PARTNERS,**

**Consolidated**

**Case No.: 6:09-cv-01658-GAP**

**Appellants,**

**vs.**

**MIRABILIS VENTURES, INC.,**
**and HOTH HOLDINGS, LLC,**

**Appellees.**

_____/

## Certificate of Service

I HEREBY CERTIFY that a true copy of the foregoing ANSWER BRIEF OF APPELLEE, MIRABILIS VENTURES INC., has been furnished by either electronic or U.S. First Class mail, postage prepaid, to: Joseph A. DeMaria, Tew Cardenas, LLP, 15th Floor, 1441 Brickell Ave., Miami, FL 33131-3407; Bart R. Valdes, deBeaubien, Knight, Simmons, Mantzaris & Neal, LLP, 609 West Horatio Street, Tampa, FL 33606; and Kenneth C. Meeker, 135 West Central Boulevard, Suite 620, Orlando, Florida 32801, this 5th day of March, 2010.

/s/ R. Scott Shuker_____
R. Scott Shuker, Esquire