**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:

MIRABILIS VENTURES, INC.,                Bankruptcy Case No. 6:08-bk-04237-KSJ

                Debtor.
_____/

RACHLIN COHEN & HOLTZ, LLP, et al,

                Appellants,

-vs-                               Consolidated Case No. 6:09-cv-1658-Orl-31

MIRABILIS VENTURES, INC.

                Appellee.
_____/

# ORDER

This matter comes before the Court on the Motion to Dismiss Consolidated Appeals (Doc. 18) filed by Mirabilis Ventures, Inc. ("Mirabilis") and Hoth Holdings, LLC ("Hoth"), the response (Doc. 21) filed by Rachlin, Cohen & Holtz, LLP, Laurie Holtz, and Jose Marrero (collectively, the "Rachlin Group"), and the response (Doc. 26) filed by Forge Capital Partners, LLC, Argent Capital Advisors, LLC, Atlantic American Capital Group, LLC, Argent BD, LLC, Argent BD Transition, LLC, Robert Moreyra, Peter Collins, Bison Mortgage Corp., and Solutions Funding, Inc. (collectively, the "Forge Group").

**I.     Background**

On My 27, 2008, Mirabilis and Hoth, its wholly owned subsidiary, filed voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code. On June 5, 2008, AEM, Inc. ("AEM"), another related entity, also filed a voluntary petition for reorganization under Chapter 11. The filings came primarily as a result of an *in rem* civil forfeiture action filed by the government against certain assets of Mirabilis and Hoth. The forfeiture action grew out of a criminal investigation of Frank Amodeo ("Amodeo"), who subsequently pled guilty to, *inter alia*, failing to remit payroll taxes. Mirabilis and Hoth opted to file liquidating Chapter 11 plans.

On August 14, 2008, the government filed motions to intervene in and stay the three bankruptcy cases so as to pursue seizure and forfeiture against property of the three debtors' estates. On September 24, 2008, the government moved to dismiss the Mirabilis and Hoth bankruptcies, alleging that the petitions were filed in bad faith. The next day, the government filed a similar motion in the AEM bankruptcy case. On October 3, 2008, the Forge Group joined in the dismissal motions in the Mirabilis and Hoth cases. Subsequently, the Rachlin Group filed a motion to dismiss the Mirabilis bankruptcy, making substantially the same arguments as the Forge Group. No entity joined the dismissal motion or filed its own such motion in the AEM case.

In November 2008, the government and all three debtors settled the dispute that had led to the government's filing of the motions to dismiss. The government received property from the three debtors, who retained among other things certain causes of action they are now pursuing before this Court. The Bankruptcy Court approved the settlements, and the government's dismissal motions were withdrawn with prejudice.

On August 26, 2009, the Bankruptcy Court denied the motions to dismiss filed by the Forge Group and the Rachlin Group. The Bankruptcy Court concluded that the Chapter 11 petitions had not been filed in bad faith, that the debtors possessed the corporate authority to file the chapter 11 petitions, and that the Forge group had not shown that Mirabilis was merely a sham corporation with no identity separate from Amadeo. The Forge Group and the Rachlin Group sought leave to appeal the orders denying their motions. Neither group sought to stay the underlying proceedings.

On October 27, 2009, the Bankruptcy Court entered an order confirming the Joint Amended Plan of Liquidation (the "Joint Liquidation Plan") submitted by Mirabilis, Hoth and AEM. Pursuant to the Joint Liquidation Plan, the three debtors would be merged into a single entity, known as Mirabilis, which would receive all of their property. No party in interest filed a notice of appeal of the confirmation. A motion for reconsideration was denied by the Bankruptcy Court on December 21, 2009.

On February 3, 2010, this Court consolidated the three appeals – the Forge Group's appeals in the Mirabilis and Hoth cases, and the Rachlin Group's appeal in the Mirabilis case – into the instant case. On February 5, 2010, Mirabilis and Hoth filed the instant motion, seeking to dismiss the consolidated appeals on the grounds that they had been mooted by the confirmation of the Joint Liquidation Plan.

**II.     Analysis**

Mirabilis and Hoth advance two separate mootness arguments. First, they argue that the order confirming the Joint Liquidation Plan (henceforth, the "Confirmation Order") is final for

purposes of claim preclusion and bars further litigation as to the issues it decided. Among those issues, Mirabilis and Hoth assert, are the issues presently before this Court in the instant case.

The United States Constitution limits the jurisdiction of the federal courts to actual cases and controversies.[1] An action that is moot cannot be characterized as an active case or controversy. *Adler v. Duval County Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). When events subsequent to the commencement of a law suit create a situation where the court can no longer give the plaintiff meaningful relief, the case is moot and should be dismissed. *Jews for Jesus, Inc. v. Hillsborough County Av. Assoc.*, 162 F.3d 627, 629 (11th Cir. 1998).

Mirabilis and Hoth rely primarily on a bankruptcy case, *In re Justice Oaks II, Ltd.*, 898 F.2d 1544 (11th Cir. 1990), for their argument that the instant appeals have been mooted in a constitutional sense. In *Justice Oaks II*, two individuals filed an adversary complaint asserting that they had been fraudulently induced to guarantee a bank loan to the debtor. *Id.* at 1547. They also objected to confirmation of the debtor's plan of reorganization, asserting at least some of the same grounds they had raised in the adversary proceeding. *Id.* The bankruptcy court overruled their objection and confirmed the plan. *Id.* at 1547-48. The individuals failed to file a timely appeal of

---

[1]More specifically, Art. III, Sec. 2, cl. 1 provides that

The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority;--to all Cases affecting Ambassadors, other public Ministers and Consuls;-to all Cases of admiralty and maritime Jurisdiction;--to Controversies to which the United States shall be a Party;--to Controversies between two or more States;--between a State and Citizens of another State;--between Citizens of different States;--between citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects.

the confirmation order. *Id.* at 1548. Eventually, the bankruptcy court dismissed the adversary proceedings as well, on the grounds that the issues it raised had been decided when the bankruptcy court confirmed the reorganization plan. *Id.* The United States Court of Appeals for the Eleventh Circuit affirmed the dismissal of the adversary proceeding on the grounds of claim preclusion, because all of its issues either had been raised or could have been raised in the objection to confirmation. *Id.* at 1552.

While there is a superficial similarity between the events in *Justice Oaks II* and this case, there is one significant difference. The issues that Mirabilis and Hoth seek to have dismissed are part of a dispute that was appealed before the plan was confirmed.[2] A properly filed notice of appeal transfers jurisdiction from the trial court to the appellate court with regard to any matters involved in the appeal, and divests the lower court of jurisdiction to proceed with such matters. *In re Maddox*, 84 B.R. 251, 255 (Bankr. N.D.Ga. 1987) (citing cases). Thus, confirmation of the Joint Liquidation Plan does not preclude this Court from considering the issues that are part of the instant consolidated appeal.

Mirabilis and Hoth also argue that the consolidated appeals are equitably moot. In the bankruptcy context, the equitable mootness doctrine permits dismissal of appeals when the appellate court lacks the power to rescind certain transactions. *In re Holywell Corp.*, 911 F.2d 1539, 1543 (11th Cir. 1990), *reversed on other grounds*, 503 U.S. 47 (1992). The equitable mootness inquiry begins with an assessment of whether the appellate court can grant effective

---

[2]Through an oversight, this Court failed to formally grant the Defendants' motions for leave to appeal these decisions. To the extent such approval is necessary, the Court grants those motions, *nunc pro tunc*.

relief to the party challenging the bankruptcy court's confirmation. *In re Condec, Inc.*, 225 B.R. 800, 803 (M.D.Fla. 1998) (citing, *inter alia*, *Russo v. Seidler (In re Seidler)*, 44 F.3d 945, 947-48 (11th Cir. 1995)). The factors routinely used to determine mootness include: (1) consideration of the interests of finality and the passage of time; (2) whether there has been a comprehensive change in the circumstances; (3) whether a stay has been obtained and if not, why not; (4) whether the debtor's reorganization plan has been substantially consummated and if so, what type of transactions have been consummated; (5) the type of relief sought; (6) the effect of granting such relief on third parties not currently before the court; and (7) the threat to the re-emergence of the debtor as a revitalized entity. *Id.*

Mirabilis and Hoth list a number of transactions and other events that have occurred since confirmation of the Joint Liquidating Plan. For example, Mirabilis, Hoth and AEM have transferred their real and personal property to the Liquidating Debtor – *i.e.*, Mirabilis – and have cancelled their pre-petition stock. However, the Court finds they have failed to support their contention that practical realities preclude unwinding, if necessary, of the confirmation. Although they recite some vague generalities, Mirabilis and Hoth fail to identify any significant obstacles to

such an unwinding, such as transactions that cannot be rescinded, or third parties who would suffer harm as a result. (Doc. 18 at 19).

In consideration of the foregoing, it is hereby

**ORDERED** that the the Motion to Dismiss Consolidated Appeals (Doc. 18) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 15, 2010.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE