# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

In re:

MIRABILIS VENTURES, INC.            Bankruptcy Case No. 6:08-bk-04327-KSJ

    Debtor.

_____/

RACHLIN COHEN & HOLTZ LLP,
et al.                                                  Consolidated Appellate

    Appellants,                     Case No. 6:09-cv-01658-GAP

v.

MIRABILIS VENTURES, INC.

    Appellee.
_____/

---

**FORGE CAPITAL AND AFFILIATED CREDITORS' REPLY BRIEF**

---

                                     David H. Simmons, Esq..
                                     Florida Bar Number 240745
                                     Bart R. Valdes
                                     Florida Bar Number 0323380
                                     Attorneys for Appellants- Forge Capital, et. al.

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES**……………………………………………………ii

**ARGUMENT**……………………………………………………………...1

    **I.   THE BANKRUPTCY COURT ABUSED ITS DISCRETION IN DENYING THE MOTIONS TO DISMISS, OR IN THE ALTERNATIVE, TO CONVERT TO CHAPTER 7, APPELLEES' BANKRUPTCY CASES PURSUANT TO 11 U.S.C. §1112(b)**…………………………………..1

        **A.   MIRABILIS DID NOT HAVE THE REQUISITE CORPORATE AUTHORITY TO FILE A VOLUNTARY PETITION FOR RELIEF UNDER CHAPTER 11**……………………………………………………………1

        **B.   APPELLEES ARE SHAM ENTITIES THAT SHOULD NOT BENEFIT FROM CHAPTER 11 PROCEEDINGS**…….3

        **C.   APPELLEES' PETITIONS WERE NOT FILED FOR A VALID BANKRUPTCY PURPOSE**………………………..5

        **D.   NO UNUSUAL CIRCUMSTANCES EXIST TO DENY THE MOTION TO DISMISS ON THE GROUND THAT IT IS IN THE BEST INTERESTS OF CREDITORS**……………7

**CONCLUSION**…………………………………………………………..8

## **TABLE OF AUTHORITIES**

**Cases**
Feltman v. Prudential Bache Securities, 122 B.R. 466 (S.D. Fla. 1990) ..................................... 4,5
Freeman v. Dean Witter Reynolds, 865 So.2d 543 (Fla. 2d DCA 2003). .................................... 4
Galloway v. Truesdell, 83 Nev. 13 (Nev. 1967) ........................................................................... 3
Hunter Sav. Ass'n v. Baggott Law Offices Co., 34 B.R. 368 (Bankr. S.D. Ohio 1983) ............... 1
In re Albany Partners, Ltd., 749 F.2d 670 11th Ga. 1984)……………………………………..5,6
In re Columbia Data Products, Inc., 99 B.R. 682 (D. Md. 1989) ................................................ 1
In re Eden Associates, 13 B.R. 578 (Bankr. S.D. N.Y. 1981) ..................................................... 6,7
In re First Lewis Road Apartments, Inc., 11 B.R. 576 (Bankr. E.D. Va. 1981)…………………..6
In re Fisher, 2008 WL 1775123 (Bankr. D. Mont. 2008)……………………………………….7
In re Hollock, 1 B.R. 212 (Bankr. M.D. Pa. 1979)………………………………………………1
In re L. S. Good & Co., 8 B.R. 310 (Bankr. N.D. W.Va. 1980)…………………………………..6
In re Larmar Estates, Inc., 6 B.R. 933 (Bankr. E.D. N.Y. 1980)………………………………….7
In re Lyons Transportation Lines, Inc., 123 B.R. 526 (Bankr. W.D. Pa. 1991)…………………..6
In re Marks, 131 B.R. 220 (S.D. Fla. 1991)……………………………………………………1,2
In re Mediators, Inc., 105 F.3d 822 (2d Cir.1997)……………………………………………...4
In re Orbit Petroleum, Inc., 395 B.R. 145 (Bankr. D. N.M. 2008)……………………………….7
In re Pittsfield Weaving Co. 393 B.R. 271 (Bankr. D. N.H. 2008)……………………………….7
In re SGL Carbon Corp., 200 F.3d 154 (3rd Cir. 1999) ………………………………………..5
In re Tracey Service Co., Inc., 17 B.R. 405 (Bankr. Pa. 1982)…………………………………..6
In re University Creek Plaza, Ltd., 176 B.R. 1011 (S.D. Fla. 1995)……………………………..1
Keenihan v. Heritage Press, Inc., 19 F.3d 1255 (8th Cir. 1994)………………………………….3
Matter of Little Creek Development Co., 779 F.2d 1068 (5th Cir. 1986)…...……………………5
Nisselson v. Lernout, 469 F.3d 143 (1st Cir.2006)……………………………………………..4
Official Comm. of Unsecured Creditors of PSA, Inc. v. Edwards, 437 F.3d 1145
(11th Cir.2006)……………………………………………………………………………..4
Price v. Gurney, 324 U.S. 100, 106 (1945)………………………………………………………3

**Statutes**
11 U.S.C. § 1112 .......................................................................................................................... 5
NRS §78.120(2) (2005) ................................................................................................................. 3

**Other Authorities**
7 Collier on Bankruptcy at 1112-68 .............................................................................................. 5

**ARGUMENT**

**I.   THE BANKRUPTCY COURT ABUSED ITS DISCRETION IN DENYING THE MOTIONS TO DISMISS, OR IN THE ALTERNATIVE, TO CONVERT TO A CHAPTER 7, APPELLEES' BANKRUPTCY CASES PURSUANT TO 11 U.S.C. §1112(b).**

In their Answer Brief, Appellees rely on the following assertions to support their contention that the Bankruptcy Court did not abuse its discretion in denying the Motions to Dismiss: (1) that Mirabilis had the requisite corporate authority to file a voluntary petition for relief under Chapter 11; (2) that the doctrines of *in pari delicto* and alter ego do not prevent Mirabilis from filing a voluntary petition for relief under Chapter 11; (3) that Appellees' voluntary petitions were filed for a valid bankruptcy purpose; and (4) that given the circumstances of Appellees' bankruptcy cases, it was in the best interests of creditors and the estates to deny the Motions to Dismiss.

**A.   MIRABILIS DID NOT HAVE THE REQUISITE CORPORATE AUTHORITY TO FILE A VOLUNTARY PETITION FOR RELIEF UNDER CHAPTER 11.**

Although the Bankruptcy Court's factual findings are subject to a clearly erroneous standard of review, that standard does not apply to the Court's review of the Bankruptcy Court's determination of the ultimate legal conclusions resulting from the application of the law to the facts.  In re University Creek Plaza, Ltd., 176 B.R. 1011, 1015 (S.D. Fla. 1995).  "Legal conclusions made by the Bankruptcy Judge may not be approved by the District Court without an independent determination."  Id., citing In re Columbia Data Products, Inc., 99 B.R. 682, 684 (D. Md. 1989), affirmed, 892 F.2d 26 (4th Cir. 1989); citing, Hunter Sav. Ass'n v. Baggott Law Offices Co., 34 B.R. 368, 374 (Bankr. S.D. Ohio 1983), reversed on other grounds, 750 F.2d 536 (6th Cir.1984); In re Hollock, 1 B.R. 212, 215 (Bankr. M.D. Pa. 1979).  Even if the issue of whether the Chapter 11 filing was authorized is deemed to raise a mixed question of law and fact, the Bankruptcy Court's determination is subject to de novo review by this Court. See In re

1

Marks, 131 B.R. 220, 222 (S.D. Fla. 1991).  Thus, whether the filing of the Chapter 11 Petition was authorized is a question for this Court's independent determination.

The Bankruptcy Court ruled that R.W. Cuthill, as the purported "duly-elected" President of Mirabilis, had the requisite legal corporate authority to file the Chapter 11 Petition on the ground that the Bylaws of Mirabilis ("the Bylaws") were not adopted by the shareholders.  The Bankruptcy Court, however, overlooked the sole record evidence on this issue.  The Affidavit of Tom Broadhead was filed with the Bankruptcy Court on August 24, 2009. (DKT. 260).  In his Affidavit, Mr. Broadhead, who was the Secretary of Mirabilis at the time the Bylaws were adopted, states in pertinent part as follows:

> "2.     I was Secretary for the MVI Board of Directors from October 2005 until January 2006 …
> 4.     Contrary to the factual assertions contain in [Mirabilis's Memo of Law] . . . I personally attended the MVI Shareholder meeting in October of 2005 in which **the shareholder(s) ratified and adopted both the MVI Shareholder Agreement . . . and MVI Bylaws**."  (Emphasis added).

Importantly, the Bankruptcy Court merely relied upon the assertions of Debtors' counsel that the Bylaws were not adopted by the shareholders.  Since the sole record evidence supports the position of the Appellants and refutes Appellees' naked assertion, the Bankruptcy Court's ruling on this issue is clearly erroneous.

This issue is critical because since the Bylaws were adopted by the shareholders, it resulted in the grant of exclusive authority to the shareholders for: (1) the election of members of Mirabilis's Board of Directors, and (2) the amendment of the Bylaws.  In fact, Article IX, Section 9.02 B., of the Bylaws states that the Board of Directors **must** provide notice of any proposed amendment to the shareholders **and** give the shareholders no less than thirty (30) days to object.  Further, no new director can be appointed without approval by a vote of 2/3 of all outstanding shareholders.

Mr. Cuthill's appointment as President of Mirabilis was invalid because it was made by a new director who was not appointed pursuant to a vote of 2/3 of the shareholders. Rather, the appointment of the new director resulted from an ineffectual Bylaw amendment, which was adopted by the directors without regard to the mandatory provisions of Article IX, Section 9.02 B. Because Mr. Cuthill's appointment was invalid, he had no legal corporate authority to file bankruptcy on behalf of Mirabilis.

Keenihan v. Heritage Press, Inc., 19 F.3d 1255 (8th Cir. 1994), cited by Appellees, states that "(a) person filing a voluntary bankruptcy petition on a corporation's behalf must be authorized to do so, and the authorization must derive from state law." Id. at 1258, citing Price v. Gurney, 324 U.S. 100, 106 (1945). Section 78.120 of the Nevada Revised Statutes, relied on by Appellees, provides that the directors may adopt, amend or repeal any bylaw, including any bylaw adopted by the shareholders, **unless otherwise prohibited by any bylaw adopted by the shareholders**. NRS §78.120(2) (2005) (emphasis added). The maxim "*Expressio Unius Est Exclusio Alterius*," meaning the expression of one thing is the exclusion of another, has been repeatedly confirmed in Nevada. See Galloway v. Truesdell, 83 Nev. 13 (Nev. 1967). The establishment of a mandatory procedure in the Bylaws for the amendment of the Bylaws prohibited the directors from amending the Bylaws in a contrary manner. Thus, the directors' unilateral attempt to amend the Bylaws with respect to the very procedure for amending the Bylaws was invalid and ineffectual, and Mr. Cuthill's subsequent appointment was invalid.

**B.   APPELLEES ARE SHAM ENTITIES THAT SHOULD NOT BENEFIT FROM CHAPTER 11 PROCEEDINGS**.

The sole record evidence establishes that Appellees lack any independent corporate identity and are merely shams that served to further Frank Amodeo's various criminal and fraudulent schemes. Frank Amodeo used these sham entities for the illegal purpose of stealing payroll taxes

3

with no real legal existence separate and apart from Frank Amodeo. The sole evidence is set forth in Frank Amodeo's plea agreement that was attached as an exhibit to the motions below. Mr. Cuthill, the Appellees' current President, was not even affiliated with Mirabilis while Mr. Amodeo was in control of Mirabilis. Further, neither Mr. Cuthill nor anyone else on behalf of Mirabilis, ever provided any affidavit, testimony or the like to refute that the Appellees were sham entities used by Mr. Amodeo for an illegal purpose. As sham entities, Appellees cannot use the bankruptcy system to pursue claims against creditors and avoid lawful debts.

As a result of the government's civil forfeiture action and Appellees' lack of a *bona fide* corporate existence, Appellees could not continue to maintain lawsuits against its erstwhile victims outside of bankruptcy. Appellees filed this Chapter 11 action at the express direction of Frank Amodeo for the sole purpose trying to stop the government's forfeiture proceedings so Frank Amodeo could try to collect money in the hope of getting a reduced prison sentence. A sham company, however, cannot maintain a bankruptcy proceeding. Feltman v. Prudential Bache Securities, 122 B.R. 466, 473-474 (S.D. Fla. 1990).

In Feltman, the trustee sought to pursue claims against third parties on behalf of two corporate debtors. Id. at 469. As in the instant case, the Feltman debtors were sham corporations, alter egos with no corporate identity separate from their incarcerated principal, who had used the debtors as vehicles to defraud investors and embezzle funds. Id. at 468. In ruling that the trustee lacked standing to pursue the claims, the court held that any damage to the debtor corporation was wholly illusory as the corporations were mere alter egos of their principal and that recovery by the trustee on behalf of the debtors would be inequitable. Id. at 475.

Under the doctrine of *in pari delicto*, sham entities are not permitted to maintain lawsuits to recover monies from others when the entities are nothing more than vehicles to perpetrate

4

fraud. See Official Comm. of Unsecured Creditors of PSA, Inc. v. Edwards, 437 F.3d 1145, 1151 (11th Cir.2006); Freeman v. Dean Witter Reynolds, 865 So.2d 543, 551 (Fla. 2d DCA 2003). Moreover, a bankruptcy trustee may assert only those claims that the debtor could have asserted before seeking the protection of the bankruptcy court. Nisselson v. Lernout, 469 F.3d 143, 153 (1st Cir.2006) (citing In re Mediators, Inc., 105 F.3d 822, 826 (2d Cir.1997)).

Appellees, as mere alter egos and fraudulent instrumentalities of Frank Amodeo, should not be permitted to benefit from Chapter 11. The Appellees contend that Feltman, and the litany of other similar cases, are distinguishable because they involved adversary proceedings and not the main bankruptcy case. The logic of the Feltman decision is equally applicable to adversary cases and main bankruptcy cases. Further, there is nothing in the Feltman case, or otherwise, that would limit its holding just to adversary cases. Importantly, Appellees' argument raises a distinction without a difference. Appellees want this Court to rule that the "Feltman defense" can only be raised in adversary cases. Even if this is true, then the Bankruptcy Court (and most likely this Court) will still have to rule on this issue. Appellees admit that they filed this Chapter 11 case solely to pursue adversary claims and use the proceeds to pay creditors. Appellees have no other assets and have no source of revenue other than the adversary cases. As such, if Feltman bars all of the adversary cases, then there is no need to maintain this bankruptcy action.

**C.   APPELLEES' PETITIONS WERE NOT FILED FOR A VALID BANKRUPTCY PURPOSE.**

A debtor's lack of good faith constitutes cause for dismissal under 11 U.S.C. §1112(b). See In re Albany Partners, Ltd., 749 F.2d 670, 674 (11th Cir. 1984). The Bankruptcy Code's good faith requirement protects the jurisdictional integrity of the bankruptcy courts by making their powerful equitable weapons available only to those debtors with "clean hands." Matter of Little Creek Development Co., 779 F.2d 1068, 1072 (5th Cir..1986). A basic underpinning of the

5

good faith doctrine is the equitable concept of "clean hands." 7 Collier on Bankruptcy at 1112-68. "A debtor who attempts to garner shelter under the Bankruptcy Code, therefore, must act in conformity with the Code's underlying principles." In re SGL Carbon Corp., 200 F.3d 154 (3rd Cir. 1999). Appellees, as the criminal instrumentalities of Frank Amodeo, did not file bankruptcy with clean hands, and their Chapter 11 petitions should be dismissed for lack of good faith.

Further, the record evidence establishes that Appellees filed Chapter 11 with the sole intent to liquidate rather than reorganize. The fact that Chapter 11 authorizes liquidation in some circumstances does not mean that a debtor can file under Chapter 11 with the sole intent to liquidate. In re Lyons Transportation Lines, Inc., 123 B.R. 526 (Bankr. W.D. Pa. 1991), rejects the notion that Chapter 11 Petitions can be filed with the intent to liquidate. Lyons held that "there is no authority in the Bankruptcy Code allowing a debtor to file a petition for relief under Chapter 11 for the purpose of self-liquidation." Id. at 534. This refutes Appellees' argument that a Chapter 11 Petition can be filed with the sole intent to liquidate merely because certain provisions of Chapter 11 contemplate liquidation. Accordingly, Appellees' Chapter 11 Petitions should be dismissed for lack of good faith on the additional ground that they were filed with no intent to reorganize from the outset.

Dismissal also is proper because Appellees have no realistic chance of reorganizing. "Particularly when there is no realistic possibility of an effective reorganization and it is evident that the debtor seeks merely to delay or frustrate the legitimate efforts of secured creditors to enforce their rights, dismissal of the petition for lack of good faith is appropriate." In re Albany Partners, Ltd., 749 F.2d. at 674. Again, Appellees want this Court to focus on the wrong period of time to make the determination of good faith. The relevant time is the time of **filing**. If an

6

entity has no hope of reorganization and wants to liquidate, then the law provides the vehicle for doing just that: file a Chapter 7 proceeding.  In re Tracey Service Co., Inc., 17 B.R. 405, 409 (Bankr. Pa. 1982), citing In re L. S. Good & Co., 8 B.R. 310 (Bankr. N.D. W.Va. 1980); In re First Lewis Road Apartments, Inc., 11 B.R. 576 (Bankr. E.D. Va. 1981); In re Eden Associates, 13 B.R. 578 (Bankr. S.D. N.Y. 1981); In re Larmar Estates, Inc., 6 B.R. 933 (Bankr. E.D. N.Y. 1980).

**D.   NO UNUSUAL CIRCUMSTANCES EXIST TO DENY THE MOTION TO DISMISS ON THE GROUND THAT IT IS IN THE BEST INTERESTS OF CREDITORS**.

Appellees argue that even if "cause" is found to warrant the dismissal or conversion of the case, there are "unusual circumstances" that exist to deny dismissal or conversion.  The principal case relied on by Appellees is In re Orbit Petroleum, Inc., 395 B.R. 145 (Bankr. D. N.M. 2008).  In Orbit Petroleum, a plan had been filed that provided for the **payment in full** of all of the creditors.  No such plan exists in this case.  In fact, Appellees' plan is to litigate a series of adversary actions in the hope of collecting money to pay the professionals and then pay some amount to the creditors.  The major creditor is the United States of America, which has a $180,000,000.00 claim.  As such, there is little chance that the creditors, including the United States will get anything out of this bankruptcy action.  Indeed, based upon Appellees' financial statements, all of the money collected so far has gone to pay professionals and there is no money left over.  Thus, Orbit Petroleum is completely distinguishable from the instant case.

Moreover, the term "unusual circumstances" contemplates conditions that are not common in chapter 11 cases.  In re Pittsfield Weaving Co. 393 B.R. 271, 274 (Bankr. D. N.H. 2008), citing In re Fisher, 2008 WL 1775123, at *5 (Bankr. D. Mont. 2008).  "When applicable, courts must specify such unusual circumstances."  Id. at 275, citing 11. U.S.C. §1112(b)(1).  The Bankruptcy Court did not specify any unusual circumstances, and the "unusual circumstances"

7

exception does not apply. For example, Appellees have no employees, no offices, no operations, no ongoing business deals, and the like. The only thing that Appellees are doing, and intend to do, is pursue a handful of lawsuits to try to collect money. Appellees can do this outside of bankruptcy, and there are no inequities that would occur if the case was dismissed. It would, however, be fundamentally inequitable and unjust to allow a bankruptcy case that was not filed in good faith to continue just because a Motion to Dismiss was denied and a plan confirmed.

## CONCLUSION

Appellees are sham companies that are nothing more than admittedly fraudulent entities maintained for the purpose of committing a massive tax fraud. Appellees did not file Chapter 11 with clean hands or with any intent to reorganize. Further, the undisputed record evidence shows that Appellees did not have the requisite corporate authority under Nevada law to file bankruptcy because their officers and directors were not duly elected in accordance with the Bylaws. Lastly, there are no unusual circumstances that warrant denial of the Motion to Dismiss. This Court, therefore, should reverse the Order on appeal and remand this case to the Bankruptcy Court with directions to dismiss all pending adversary actions and the main bankruptcy cases.

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2010, a true copy of the foregoing has been furnished via the CM/ECF system to Scott Shuker, Esq., Latham, Shuker, Barker, Eden & Beaudine, 390 North Orange Avenue, Suite 600, Orlando, Florida 32801, and all others receiving electronic notice.

/s/ Bart R. Valdes
David H. Simmons, Esq.
Florida Bar Number 240745
deBeaubien, Knight, Simmons,
 Mantzaris & Neal, LLP

8

            332 North Magnolia Avenue
            Orlando, Florida 32802-0087
            Telephone: (407) 422-2454
            Facsimile: (407) 849-1845
            dhs77@dbksmn.com

            Bart R. Valdes, Esq.
            Florida Bar Number 323380
            de Beaubien, Knight, Simmons,
            Mantzaris & Neal, LLP
            609 West Horatio Street
            Tampa, Florida  33606
            Telephone: (813) 251-5825
            Facsimile: (813) 254-1063
            brv11@dbksmn.com
            Attorneys for Appellants