**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**In re:**

**MIRABILIS VENTURES, INC.,**

               **Debtor.**
_____/

**RACHLIN, COHEN & HOLTZ,**
**et al,**

               **Appellants,**

**-vs-**                                                   **Case No. 6:09-cv-1658-Orl-31**

**MIRABILIS VENTURES, INC.**

               **Appellee.**
_____/

# ORDER

This matter comes before the Court on the Motion for Leave to Appeal (Doc. 32) filed by Appellants Forge Capital Partners, LLC, Argent Capital Advisors, LLC, Argent BD, LLC, Argent BD Transition, LLC, Robert Moreyra, Peter Collins, Bison Mortgage Corp., and Solutions Funding, Inc. (hereinafter, the "Forge Creditors"). On April 21, 2010, this Court affirmed the Bankruptcy Court's denial of motions to dismiss the bankruptcy petitions filed by Mirabilis Ventures, Inc. ("Mirabilis") and related debtors. (Doc. 30). The Forge Creditors now seek leave to appeal that decision.

The Court of Appeals has jurisdiction over final decisions of the district courts rendered on appeal from the Bankruptcy Courts. 28 U.S.C. § 158(d)(1). Generally speaking, a final decision is

one "which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). Within this circuit, an order denying a motion to dismiss a bankruptcy petition on the grounds that it was filed in bad faith is not final for purposes of an appeal. *In re Donovan*, 532 F.3d 1134, 1136-37 (11th 2008) (internal citations omitted). Although the arguments for dismissal made in this case go beyond those made in *In re Donovan*, neither the Bankruptcy Court's order nor this Court's order affirming it ended the litigation on the merits. Accordingly, the Court finds that the order that the Forge Creditors seek to appeal is not final.

The Court of Appeals also has jurisdiction to hear appeals of interlocutory orders where the district court, on the request of a party, certifies that

> (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or the Supreme Court of the United States, or involves a matter of public importance;
>
> (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
>
> (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken.

28 U.S.C. § 158(c)(2)(A).

It is undisputed that Mirabilis and the other debtors in this case filed their Chapter 11 petitions with the intent to liquidate, rather than reorganize. The Forge Creditors argued that filing a Chapter 11 with such an intent is improper, as a matter of law, citing a Pennsylvania Bankruptcy Court decision that reached this conclusion: *In re Lyons Transp. Lines, Inc.*, 123 B.R. 526 (Bankr. W.D.Pa. 1991). The Forge Creditors now argue that the Court's order involves a question of law regarding a debtor's ability to file a liquidating Chapter 11, and therefore its appeal should be

certified pursuant to 28 U.S.C. § 158(c)(2)(A)(I). However, as the Court pointed out in denying the Forge Creditors' motion, the *Lyons Transportation* decision has never been followed by another court on this point. Indeed, one of the two courts that positively cited *Lyons Transportation* permitted what it expressly forbids – a Chapter 11 filed by a debtor who intended, all along, to liquidate. *See Locks v. U.S. Trustee*, 157 B.R. 89, 91 (W.D.Pa. 1993) (stating that "[f]rom the beginning, [this] case has been a liquidating bankruptcy under Chapter 11 . . . rather than a reorganization intend to facilitate continued operations."). Based on the Court's research, there is no real question as to a debtor's ability to file a Chapter 11 for the purpose of liquidation, and therefore certification on this basis is not warranted.

The Forge Creditors' other contentions do not warrant extended discussion. Their argument that Mirabilis should barred from filing a bankruptcy petition because it committed (or was used to commit) a crime is based on a misapplication of legal concepts such as alter ego and *in pari delicto* and ignores the benefit provided to the public by an orderly disposition of the residue of a criminal enterprise. And their argument that this appeal may materially advance the progress of the case – because if the creditors win, the case would be dismissed – would make every order deciding a dispositive motion immediately appealable.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion for Leave to Appeal (Doc. 32) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 1, 2010.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party